LAURENCE F. PULGRAM (CSB No. 115163)
lpulgram@fenwick.com
SHANNON E. TURNER (CSB No. 310121)
sturner@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:    415.875.2300
Facsimile:    415.281.1350

ATTORNEYS FOR DEFENDANT
IMPERVA, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIEN POINSIGNON, on behalf of himself, all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IMPERVA, INC., a Delaware corporation; INSPERITY PEO SERVICES, L.P., a Delaware limited liability partnership; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.:<br><br>**DEFENDANT IMPERVA, INC.'S NOTICE OF REMOVAL**<br><br>Removed from the Superior Court of the State of California, County of San Mateo, Case No. 17CIV03879 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF JULIEN POINSIGNON, AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Imperva, Inc. ("Imperva") hereby removes this action from San Mateo Superior Court to the United States District Court for the Northern District of California. In support of this notice of removal, Imperva avers as follows:

**PROCEDURAL HISTORY AND NOTICE TIMING**

1.      On August 25, 2017, Plaintiff Julien Poinsignon ("Plaintiff") filed this proposed

IMPERVA'S NOTICE OF REMOVAL                                                                 CASE NO.: _____

class action against Imperva, Inc. in San Mateo County Superior Court, Case No. 17CIV03879 ("State Court Action"). *See* Ex. A (Complaint). Plaintiff claims violations of the Fair Credit Reporting Act (15 U.S.C. §§ 1681b(b)(2)(A), 1681g(c)), the Investigative Consumer Reporting Agencies Act (Cal. Civ. Code §§ 1786 *et seq.*), the Consumer Credit Reporting Agencies Act (Cal. Civ. Code §§ 1785 *et seq.*), and California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 *et seq.*).

2. This notice of removal is timely filed because it is within thirty days of service of the Complaint, which was the first pleading in the action giving rise to federal jurisdiction. *See* 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 348 (1999). Plaintiff filed suit on August 25, 2017 and served Imperva with the Complaint on September 1, 2017.

3. San Mateo County, where the action is currently pending, is located within the United States District Court for the Northern District of California.

4. No previous notice of removal has been filed in this case.

**JURISDICTION**

5. Removal to this Court is proper because this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. Section 1331 grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff alleges federal causes of action arising under the Fair Credit Reporting Act (15 U.S.C. §§ 1681b(b)(2)(A), 1681g(c)). *See* Ex. A, Complaint. Thus, the Court has federal question jurisdiction over this matter.

6. This Court additionally possesses supplemental jurisdiction over Plaintiff's California state claims pursuant to 28 U.S.C. § 1367. A federal court may exercise jurisdiction over state law claims that form part of the same case or controversy as the federal claims—that is, where the federal and state claims "derive from a common nucleus of operative facts." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966) (interpreting and applying 28 U.S.C. § 1367). Here, Plaintiff's state claims are predicated on the same set of alleged facts as his federal claims, including but not limited to the allegations that the disclosure provided to Plaintiff purportedly

"contained extraneous and superfluous language that does not consist solely of the disclosure as required by federal and California laws" and that the disclosure purportedly "incorporates by reference a five-page Privacy Policy of a third-party consumer reporting agency and as such does not consist solely of the disclosure as required by federal and California laws." *See* Ex. A, Complaint ¶¶ 21-22. As is evident from Plaintiff's incorporation of this same set of alleged facts into every cause of action, Plaintiff's asserted state and federal claims all stem from a common nucleus of operative facts and are part of the same case or controversy. Thus, the Court possesses supplemental jurisdiction over Plaintiff's state claims.

**THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

7. Imperva possesses the power to remove this case as the named defendant under 28 U.S.C. § 1441.

8. Removal to this judicial district is proper under 28 U.S.C. § 1441(a) because this district includes the location (San Mateo County) where this action was originally pending.

9. Removal requires the consent of all defendants who have been properly served with California state court process. 28 U.S.C. § 1446(b)(2)(A). Insperity Pro Services, Inc. ("Insperity") has consented to the removal of this action to federal court. The Complaint does not identify any "Doe" defendants with particularity; however to the extent that any would be named, Plaintiff alleges such Does were the "agents, employees and/or servants, masters or employers" of the named defendants, Imperva and Insperity. *See* Ex. A, Complaint ¶ 8. Thus, there are no remaining defendants to consent to this notice of removal.

10. 28 U.S.C. § 1446(a) requires a removing party to provide this Court with a copy of all "process, pleadings, and orders" served in the State Court Action. True and correct copies of the Complaint, Summonses, Proofs of Service, Civil Case Cover Sheet, Certificate Re: Complex Case Designation, Notice of Case Management Conference, and Notice of Complex Case filed in the State Court Action are attached hereto as Exhibit A.

11. After filing this notice of removal, Imperva will promptly serve written notice of this notice of removal to Plaintiff (through his counsel) and file the same with the Clerk of the San Mateo County Superior Court in accordance with 28 U.S.C. § 1446(d). A copy of the notice

(without exhibits) is attached hereto as Exhibit B.

**NON-WAIVER OF DEFENSES**

12.     By removing this action from San Mateo County Superior Court, Imperva does not waive any defenses available to it.  Imperva expressly preserves all Rule 12 objections and defenses, including without limitation any objections it may have as to jurisdiction, venue, or any other defenses or objections to this action.  Imperva further intends no admission of fact, law, or liability by this Notice, and reserves all defenses, motions, and arguments.

13.     By removing this action from San Mateo County Superior Court, Imperva does not admit any of the allegations in Plaintiff's Complaint.  By way of setting forth the bases for removal in this Notice, Imperva in no way concedes the truth of the allegations in the Complaint. Imperva does and will dispute the claims in their entirety.

WHEREFORE, Imperva removes the above-captioned action from the San Mateo County Superior Court to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

Dated:   September 29, 2017                    FENWICK & WEST LLP


                                               By: */s/ Laurence F. Pulgram*
                                                   Laurence F. Pulgram
                                                   Attorneys for Defendant
                                                   IMPERVA, INC.

# PROOF OF SERVICE

The undersigned declares as follows:

I am employed in Santa Clara County, State of California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Fenwick & West LLP, Silicon Valley Center, 801 California Street, Mountain View, California 94041. On the date set forth below, I served a copy of the following document(s):

- **DEFENDANT IMPERVA, INC.'S NOTICE OF REMOVAL**
- **CIVIL COVER SHEET**

on the interested parties in the subject action by placing a true copy thereof as indicated below, addressed as follows:

Shaun Setareh
H. Scott Leviant
SETAREH LAW GROUP
9454 Wilshire Boulevard, Suite 907
Beverly Hills, CA 90212
Telephone: 310-888-7771
Facsimile: 310-888-0109

[X] **BY US MAIL:** by placing the document(s) listed above in a sealed envelope for collection and mailing following our ordinary business practices. I am readily familiar with our ordinary business practices for collecting and processing mail for the United States Postal Service, and mail that I place for collection and processing is regularly deposited with the United States Postal Service that same day with postage prepaid.

[ ] **BY OVERNIGHT COURIER:** by placing the document(s) listed above in a sealed envelope with a prepaid shipping label for express delivery and causing such envelope to be transmitted to an overnight delivery service for delivery by the next business day in the ordinary course of business.

[ ] **BY FACSIMILE:** by causing to be transmitted via facsimile the document(s) listed above to the addressee(s) at the facsimile number(s) set forth above.

[ ] **BY E-MAIL:** by causing to be transmitted via e-mail the document(s) listed above to the addressee(s) at the e-mail address(es) listed above.

I declare under penalty of perjury under the laws of the State of California and the United States that the above is true and correct.

Date: September 29, 2017

*/s/ Tracey Boomer*
Tracey Boomer

IMPERVA'S NOTICE OF REMOVAL                                    CASE NO.: