# EXHIBIT A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Shaun Setareh (SBN 204514)
SETAREH LAW GROUP
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California 90212
TELEPHONE NO.: (310) 888-7771     FAX NO.: (310) 888-0109
ATTORNEY FOR (Name): Julien Poinsignon

**FILED**
**SAN MATEO COUNTY**
AUG 2 5 2017
~~Sant ol the Superior Court~~
By ~~_____~~
**DEPUTY CLERK**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, California 94063
BRANCH NAME: Southern Branch

CASE NAME:
Julien Poinsignon v. Imperva, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ✔ Unlimited (Amount demanded exceeds $25,000) | Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder | | **17CIV03879** |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ✔ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ✔ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ✔ Large number of separately represented parties   d. ✔ Large number of witnesses
   b. ✔ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ✔ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ✔ Substantial amount of documentary evidence   f. ✔ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ✔ monetary   b. ✔ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): Five (5)
5. This case ✔ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 19, 2017

Shaun Setareh, Esq.
_____
(TYPE OR PRINT NAME)          ▶          _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will ~~be used for statistical purposes only.~~

17 – CIV – 03879
CCCS
Civil Case Cover Sheet
677995

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
    Auto (22)–Personal Injury/Property
        Damage/Wrongful Death
    Uninsured Motorist (46) *(if the
        case involves an uninsured
        motorist claim subject to
        arbitration, check this item
        instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
    Asbestos (04)
        Asbestos Property Damage
        Asbestos Personal Injury/
            Wrongful Death
    Product Liability *(not asbestos or
        toxic/environmental)* (24)
    Medical Malpractice (45)
        Medical Malpractice–
            Physicians & Surgeons
        Other Professional Health Care
            Malpractice
    Other PI/PD/WD (23)
        Premises Liability (e.g., slip
            and fall)
        Intentional Bodily Injury/PD/WD
            (e.g., assault, vandalism)
        Intentional Infliction of
            Emotional Distress
        Negligent Infliction of
            Emotional Distress
        Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
    Business Tort/Unfair Business
        Practice (07)
    Civil Rights (e.g., discrimination,
        false arrest) *(not civil
        harassment)* (08)
    Defamation (e.g., slander, libel)
        (13)
    Fraud (16)
    Intellectual Property (19)
    Professional Negligence (25)
        Legal Malpractice
        Other Professional Malpractice
            *(not medical or legal)*
    Other Non-PI/PD/WD Tort (35)
**Employment**
    Wrongful Termination (36)
    Other Employment (15)

**Contract**
    Breach of Contract/Warranty (06)
        Breach of Rental/Lease
            Contract *(not unlawful detainer
                or wrongful eviction)*
        Contract/Warranty Breach–Seller
            Plaintiff *(not fraud or negligence)*
        Negligent Breach of Contract/
            Warranty
        Other Breach of Contract/Warranty
    Collections (e.g., money owed, open
        book accounts) (09)
        Collection Case–Seller Plaintiff
        Other Promissory Note/Collections
            Case
    Insurance Coverage *(not provisionally
        complex)* (18)
        Auto Subrogation
        Other Coverage
    Other Contract (37)
        Contractual Fraud
        Other Contract Dispute
**Real Property**
    Eminent Domain/Inverse
        Condemnation (14)
    Wrongful Eviction (33)
    Other Real Property (e.g., quiet title) (26)
        Writ of Possession of Real Property
        Mortgage Foreclosure
        Quiet Title
        Other Real Property *(not eminent
            domain, landlord/tenant, or
            foreclosure)*
**Unlawful Detainer**
    Commercial (31)
    Residential (32)
    Drugs (38) *(if the case involves illegal
        drugs, check this item; otherwise,
        report as Commercial or Residential)*
**Judicial Review**
    Asset Forfeiture (05)
    Petition Re: Arbitration Award (11)
    Writ of Mandate (02)
        Writ–Administrative Mandamus
        Writ–Mandamus on Limited Court
            Case Matter
        Writ–Other Limited Court Case
            Review
    Other Judicial Review (39)
        Review of Health Officer Order
        Notice of Appeal–Labor
            Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
    Antitrust/Trade Regulation (03)
    Construction Defect (10)
    Claims Involving Mass Tort (40)
    Securities Litigation (28)
    Environmental/Toxic Tort (30)
    Insurance Coverage Claims
        *(arising from provisionally complex
        case type listed above)* (41)
**Enforcement of Judgment**
    Enforcement of Judgment (20)
        Abstract of Judgment (Out of
            County)
        Confession of Judgment *(non-
            domestic relations)*
        Sister State Judgment
        Administrative Agency Award
            *(not unpaid taxes)*
        Petition/Certification of Entry of
            Judgment on Unpaid Taxes
        Other Enforcement of Judgment
            Case
**Miscellaneous Civil Complaint**
    RICO (27)
    Other Complaint *(not specified
        above)* (42)
        Declaratory Relief Only
        Injunctive Relief Only *(non-
            harassment)*
        Mechanics Lien
        Other Commercial Complaint
            Case *(non-tort/non-complex)*
        Other Civil Complaint
            *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
    Partnership and Corporate
        Governance (21)
    Other Petition *(not specified
        above)* (43)
        Civil Harassment
        Workplace Violence
        Elder/Dependent Adult
            Abuse
        Election Contest
        Petition for Name Change
        Petition for Relief From Late
            Claim
        Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

Shaun Setareh (SBN 204514)
 shaun@setarehlaw.com
H. Scott Leviant (SBN 200834)
 scott@setarehlaw.com
SETAREH LAW GROUP
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California  90212
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiff,
JULIEN POINSIGNON



FILED
SAN MATEO COUNTY

AUG 2 5 2017

Clerk of the Superior Court
By _____
DEPUTY CLERK

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN MATEO, SOUTHERN BRANCH

### UNLIMITED JURISDICTION

| | |
|---|---|
| JULIEN POINSIGNON, on behalf of himself, all others similarly situated,<br><br>    *Plaintiff,*<br><br>    vs.<br><br>IMPERVA, INC., a Delaware corporation; INSPERITY PEO SERVICES, L.P., a Delaware limited partnership; and DOES 1 through 100, inclusive,<br><br>    *Defendants.* | Case No.: **17CIV03879**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>1. Violation of 15 U.S.C. §§ 1681b(b)(2)(A) (Fair Credit Reporting Act);<br>2. Violation of 15 U.S.C. §§ 1681d(a)(1) and 1681g(c) (Fair Credit Reporting Act);<br>3. Violation of California Civil Code § 1786 *et seq.* (Investigative Consumer Reporting Agencies Act)<br>4. Violation of California Civil Code § 1785 *et seq.* (Consumer Credit Reporting Agencies Act)<br>5. Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*);<br><br>**JURY TRIAL DEMANDED** |

17 – CIV – 03879
CMP
Complaint
677993

*Poinsignon v. Imperva, Inc., et al.*                              1                              Class Action Complaint

COMES NOW, Plaintiff JULIEN POINSIGNON (hereafter "PLAINTIFF"), on behalf of himself, all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.      PLAINTIFF brings this class action against defendant IMPERVA, INC., a Delaware corporation; INSPERITY PEO SERVICES, L.P., a Delaware limited partnership; and DOES 1 through 100, inclusively (collectively referred to as "DEFENDANTS") for alleged violations of the Fair Credit Reporting Act ("FCRA") and similar California laws.

2.      PLAINTIFF alleges that DEFENDANTS routinely acquire consumer, investigative consumer and/or consumer credit reports (referred to collectively as "credit and background reports") to conduct background checks on PLAINTIFF and other prospective, current and former employees and use information from credit and background reports in connection with their hiring process without providing proper disclosures and obtaining proper authorization in compliance with the law.

3.      PLAINTIFF, individually and on behalf of all others similarly situated current, former, and prospective employees, seeks compensatory and punitive damages due to DEFENDANTS' systematic and willful violations of the FCRA, 15 U.S.C. §§ 1681 *et seq.*, the California Investigative Consumer Reporting Agencies Act ("ICRAA") (Cal. Civ. Code § 1786, *et seq.*), and the California Consumer Credit Reporting Agencies Act ("CCRAA") (Cal. Civ. Code § 1785, *et seq.*).

## PARTIES

4.      PLAINTIFF was employed by DEFENDANTS as an hourly, non-exempt employee working in the State of California from approximately November 9, 2015 through January 24, 2017.

5.      Defendant IMPERVA, INC. ("IMPERVA") is a corporation organized and existing under the laws of Delaware and operates in the State of California.

6.      Defendant INSPERITY PEO SERVICES, L.P. ("INSPERITY") is a limited partnership organized and existing under the laws of Delaware and operates in the State of California.

7.     PLAINTIFF is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the defendants sued as DOES 1 through 100, inclusive, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. PLAINTIFF will amend the Complaint to allege the true names and capacities of the DOE defendants when ascertained.

8.     PLAINTIFF is informed and believes and thereon alleges that, at all relevant times herein, all DEFENDANTS were the agents, employees and/or servants, masters or employers of the remaining DEFENDANTS, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other DEFENDANTS.

9.     PLAINTIFF alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

## CLASS ALLEGATIONS

10.     This action has been brought and may be maintained as a class action pursuant to California Code of Civil Procedure § 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because PLAINTIFF is unaware of any difficulties likely to be encountered in managing this case as a class action.

11.     **Class Definitions:** The classes are defined as follows:

A.     **FCRA Class:** All of DEFENDANTS' and/or any staffing agencies' and/or any third party parties' current, former and prospective applicants for employment in the United States who applied for a job with DEFENDANTS at any time during the period for which a background check was performed beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action.

B.   **ICRAA Class:** All of DEFENDANTS' and/or any staffing agencies' and/or any third party parties' current, former, and prospective applicants for employment in California, at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered into this action.

C.   **CCRAA Class:** All of DEFENDANTS' and/or any staffing agencies' and/or any third party parties' current, former, and prospective applicants for employment in California, at any time during the period beginning seven years prior to the filing of this action and ending on the date that final judgment is entered in this action.

12.   **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), PLAINTIFF reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses and/or by limitation to particular issues.

13.   **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical.  While PLAINTIFF does not currently know the exact number of class members, PLAINTIFF is informed and believes that the actual number exceeds the minimum required for numerosity under California law.

14.   **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to:

A.   Whether DEFENDANTS failed to comply with the requirements of 15 U.S.C 7001 section 101(c)(1)?

B.   Wherein DEFENDANTS willfully failed to provide the class with stand-alone written disclosures before obtaining a credit or background report in compliance with the statutory mandates?

C.   Whether DEFENDANTS willfully failed to identify the name, address, telephone number, and/or website of the investigative consumer reporting agency conducting the investigation?

D.   Whether DEFENDANTS willfully failed to identify the source of the credit report to be performed?

RECEIVED
SAN MATEO COUNTY
AUG 2 5 2017
Clerk of the Superior Court

E.     Wherein DEFENDANTS willfully failed to comply with the FCRA, ICRAA and/or the CRAA?

15.    **Typicality:** PLAINTIFF'S claims are typical of the other class members' claims. PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS have a policy, practice or a lack of a policy which resulted in DEFENDANTS failing to comply with the FCRA, ICRAA, and CCRAA as alleged herein.

16.    **Adequacy of Class Representative:** PLAINTIFF is an adequate class representative in that she has no interests that are adverse to, or otherwise in conflict with, the interests of absent class members. PLAINTIFF is dedicated to vigorously prosecuting this action on behalf of class members. PLAINTIFF will fairly and adequately represent and protect the interests of class members.

17.    **Adequacy of Class Counsel:** PLAINTIFF'S counsel are adequate class counsel in that they have no known conflicts of interest with PLAINTIFF or absent class members, are experienced in class action litigation and are dedicated to vigorously prosecuting this action on behalf of PLAINTIFF and absent class members.

18.    **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of class members' claims and would be beneficial to the parties and the Court.  Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

### GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

19.    When PLAINTIFF applied for employment with DEFENDANTS,

---

DEFENDANTS required him to fill out a disclosure and authorization form to perform a background investigation.

20.    Upon information and belief, PLAINTIFF was provided with a disclosure and authorization form that contained the following (A true and correct copy is attached as Exhibit A.):

**DISCLOSURE REGARDING BACKGROUND INVESTIGATION**
The Company or Employer indicated below may obtain information about you for employment purposes (including contract or volunteer services) from the following consumer reporting agency: Employment Background Investigations, Inc. (EBI), P.O. Box 629, Owings Mills, MD 21117, 1-800-324-7700. Thus, you may be the subject of a "consumer report" (investigative consumer reports in California) which may include, but not limited to, public record information, employment, education and license verification, etc. In addition, investigative consumer reports, as defined by the federal Fair Credit Reporting Act, may be obtained which are gathered from personal interviews with employers, and other current or past associates, which may include information about your character, general reputation, personal characteristics, and/or mode of living. These reports may be obtained at any time after receipt of your authorization and, if you are hired, throughout your employment.

**ACKNOWLEDGMENT AND AUTHORIZATION**
I acknowledge receipt of the DISCLOSURE REGARDING BACKGROUND INVESTIGATION and a SUMMARY OF YOUR RIGHTS UNDER THE FAIR CREDIT REPORTING. I hereby authorize the obtaining and furnishing of "consumer reports" and/or "investigative consumer reports" at any time after receipt of this authorization and, if I am hired, throughout my employment. I also authorize Employer to share any consumer reports with companies to which Employer may assign me to work. To this end, I hereby authorize, without reservation, any law enforcement agency, administrator, local, state or federal agency, institution, school or university (public or private), information service bureau, employer, or insurance company to furnish any and all background information (including, but not limited to, driving and/or motor vehicle records, transcripts, grades and attendance records, employment history, salary information and references, workers compensation documents, records or reports in Pennsylvania, from the Industrial Commission of Arizona and in all other states, drug and alcohol testing results) requested by EBI acting on behalf of Employer, and/or Employer itself. If and when applicable, I also hereby authorize any past employers regulated by the U.S. Department of Transportation (49 CFR Part 40 and/or 49 CFR Part 391(, to provide (a) work history information, and (b) drug and alcohol testing records from the previous three years, to EBI acting on behalf of Employer, and/or Employer itself. I agree that a facsimile ("fax") or photographic copy of this Authorization shall be as valid as the original.

You have the right, upon written request made within a reasonable time after receipt of this notice, to request disclosure of the nature and scope of any investigative consumer report or consumer report. For complete details pertaining to EBI's privacy practices, including whether your personal information will be sent outside of the U.S. or its territories, EBI's Privacy Policy can be viewed at http://www.ebiinc.com/privacy-policy.html.

California, Minnesota and Oklahoma applicants or employees only: Please check the box if you would like to receive a copy of a consumer report if one is obtained

by the Company. ☐

New York applicants or employees only: By signing below, you also acknowledge receipt of Article 23-A of the New York Corrections Law.

21.     The disclosure provided by DEFENDANTS contained extraneous and superfluous language that does not consist solely of the disclosure as required by federal and California laws.

22.     Moreover, the disclosure provided by DEFENDANTS incorporates by reference a five-page Privacy Policy of a third-party consumer reporting agency and as such does not consist solely of the disclosure as required by federal and California laws. (A true and correct copy is attached as Exhibit B.)

## FIRST CAUSE OF ACTION

### FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA

### (15 U.S.C. §§ 1681b(b)(2)(A))

### (By Plaintiff and the FCRA Class Against All Defendants)

23.     PLAINTIFF incorporates all paragraphs of this Complaint as if fully alleged herein.

24.     DEFENDANTS are "persons" as defined by Section 1681a(b) of the FCRA.

25.     PLAINTIFF and class members are "consumers" within the meaning Section 1681a(c) of the FCRA, because they are "individuals."

26.     Section 1681a(d)(1) of the FCRA defines "consumer report" as

> any oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility" for employment purposes.

Thus a credit and background report qualifies as a consumer report.

27.     Section 1681a(e) of the FCRA defines "investigative consumer report" as:

> a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with whom he is acquainted or who may have knowledge concerning any such items of information.

Thus a credit and background report qualifies as an investigative consumer report.

28.   Section 1681b(b) of the FCRA provides, in relevant part:

Conditions for furnishing and using consumer reports for employment purposes

(2) Disclosure to consumer

(A) In general

Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—

i.       a *clear and conspicuous* disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that *consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

ii.      the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis Added).

29.   Section 1681b(b)(2)(A)(i) requires that a clear and conspicuous disclosure be made in writing.

30.   Because DEFENDANTS' disclosures do not meet the requirement of Section 101(c)(1) of 15 U.S.C. 7001, the disclosures do not satisfy the written requirement.

31.   As described above, PLAINTIFF alleges, on information and belief, that in evaluating her and other class members for employment, DEFENDANTS procured or caused to be prepared credit and background reports (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681a(e)).

32.   The purported disclosures do not meet the requirements under the law because they are embedded with extraneous information, and are not clear and unambiguous disclosures in stand-alone documents.

33.   Under the FCRA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii).  The inclusion of extraneous information, therefore, violates § 1681b(b)(2)(A) of the FCRA.

34.     Although the disclosure and the authorization may be combined in a single document, the Federal Trade Commission ("FTC") has warned that the form should not include any extraneous information or be part of another document.  For example, in response to an inquiry as to whether the disclosure may be set forth within an application for employment or whether it must be included in a separate document, the FTC stated:

> The disclosure may not be part of an employment application because the language [of 15 U.S.C. § 1681b(b)(2)(A) is] intended to ensure that it appears conspicuously in a document not encumbered by any other information. The reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side within the disclosure.

35.     The plain language of the statute also clearly indicates that the inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements of the FCRA, because such a form would not consist "solely" of the disclosure.  In fact, the FTC expressly has warned that the FCRA notice may not include extraneous information such as a release.  In a 1998 opinion letter, the FTC stated:

> [W]e note that your draft disclosure includes a waiver by the consumer of his or her rights under the FCRA. The inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes.

36.     In a report dated July 2011, the FTC reiterated that: "the notice [under 15 U.S.C § 1681b(b)(2)(A)] may not include extraneous or contradictory information, such as a request for a consumer's waiver of his or her rights under the FCRA."

37.     By including extraneous information, DEFENDANTS willfully disregarded the FTC's regulatory guidance and violated Section 1681b(b)(2)(A) of the FCRA. Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and "clear and accurate," and thus violates §§ 1681b(b)(2)(A) and 1681d(a).

38.     DEFENDANTS' conduct in violation of Section 1681b(b)(2)(A) of the FCRA was and is willful. DEFENDANTS acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including PLAINTIFF and class members. DEFENDANTS' willful conduct is reflected by, among other things, the following facts:

(a)     DEFENDANTS are a large corporation with access to legal advice;

(b)      DEFENDANTS required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences DEFENDANTS' awareness of and willful failure to follow the governing laws concerning such authorizations;

(c)      The plain language of the statute unambiguously indicates that inclusion of other extraneous information in a disclosure form violates the disclosure and authorization requirements; and

39.      Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, PLAINTIFF alleges that DEFENDANTS have a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without informing such applicants of their right to request a summary of their rights under the FCRA at the same time as the disclosure explaining that an investigative consumer report may be made. Pursuant to that policy and practice, DEFENDANTS procured investigative consumer reports or caused investigative consumer reports to be procured for PLAINTIFF and class members, as described above, without informing class members of their rights to request a written summary of their rights under the FCRA.

40.      Accordingly, DEFENDANTS willfully violated and continue to violate the FCRA including, but not limited to, §§ 1681b(b)(2)(A) and 1681d(a). DEFENDANTS' willful conduct is reflected by, among other things, the facts set forth above.

41.      As a result of DEFENDANTS' illegal procurement of credit and background reports by way of their inadequate disclosures, as set forth above, PLAINTIFF and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

42.      PLAINTIFF, on behalf of himself and all class members, seeks all available remedies pursuant to 15 U.S.C. § 1681n, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief and attorneys' fees and costs.

43.      In the alternative to PLAINTIFF'S allegation that these violations were willful,

PLAINTIFF alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. § 1681o, including actual damages and attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### FAILURE TO GIVE PROPER SUMMARY OF RIGHTS IN VIOLATION OF FCRA

### (15 U.S.C. § 1681d(a)(1) and 1681g(c))

### (By Plaintiff and the FCRA Class Against All Defendants)

44.     PLAINTIFF incorporates all paragraphs of this Complaint as if fully alleged herein.

45.     Section 1681d provides:

(a) Disclosure of fact of preparation

A person may not procure or cause to be prepared an investigative consumer report on any consumer unless–

(1) it is *clearly and accurately disclosed* to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure;

(2) is *made in a writing mailed, or otherwise delivered*, to the consumer, not later than three days after the date on which the report was first requested, and

(3) *includes a statement informing the consumer of his right to request the additional disclosures* provided for under subsection (b) of this section *and the written summary of the rights of the consumer prepared pursuant to section 1681g(c)* of this title; (Emphasis Added.)

(4) Subsection (b) of Section 1681d(a)(1) provides: Any person who procures or causes to be prepared an investigative consumer report on any consumer shall, upon written request made by the consumer within a reasonable period of time after the receipt by him of the disclosure required by subsection (a)(1) of this section (a)(1) of this section, make a *complete and accurate disclosure of the nature and scope of the investigation requested*; (Emphasis Added).  This disclosure shall be made in a writing mailed, or otherwise delivered, to the consumer not later than five days after the date on which the request for such disclosure was received from the consumer or such report was first requested, whichever is the later.

46.     As alleged previously, because DEFENDANTS' disclosures do not meet the requirement of Section 101(c)(1) of 15 U.S.C. 7001, the disclosures do not satisfy the written requirement.

47.     Moreover, even if DEFENDANTS' disclosures are deemed to satisfy Section

101(c)(1), DEFENDANTS did not comply with Section 1681d(a)(1)(b) because the disclosures fail to inform the consumer of the right to have the person who procured the report provide a complete and accurate disclosure of the nature and scope of the investigation requested.

48.      Section 1681g(c) further provides summary of rights to obtain and dispute information in consumer reports and to obtain credit scores as:

(A) Commission summary of rights required

The Commission shall prepare a *model summary of the rights of* consumers under this subchapter.

(B) Content of summary

The summary of rights prepared under subparagraph (A) shall include a description of—

(1)      the *right of a consumer to obtain a copy of a consumer report* under subsection (a) of this section from each consumer reporting agency;

(2)      the *frequency and circumstances under which a consumer is entitled to receive a consumer report without charge* under section 1681j of this title;

(3)      the right of a consumer to *dispute information* in the file of the consumer under section 1681i of this title;

(4)      *the right of a consumer to obtain a credit score* from a consumer reporting agency, and a description of how to obtain a credit score;

(5)      the *method by which a consumer can contact, and obtain a consumer report from*, *a consumer reporting agency without charge*, as provided in the regulations of the Bureau prescribed under section 211(c) of the Fair and Accurate Credit Transactions Act of 2003; and

(6)      the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under section 1681j(a)(1)(C) of this title; (Emphasis Added).

49.      DEFENDANTS did not comply with 1681g(c)(B)(1) because the disclosure did not state the right of a consumer to obtain a copy of a consumer report from each consumer reporting agency.

50.      DEFENDANTS did not comply with 1681g(c)(B)(2) because the disclosure did

not state the frequency and circumstances under which a consumer is entitled to receive a consumer report without charge.

51.     DEFENDANTS did not comply with 1681g(c)(B)(3) because the disclosure did not state the right of a consumer to dispute information in the file of the consumer.

52.     DEFENDANTS did not comply with 1681g(c)(B)(4) because the disclosure did not state the right of a consumer to obtain a credit score from a consumer reporting agency and a description of how to obtain a credit score.

53.     DEFENDANTS did not comply with 1681g(c)(B)(5) because the disclosure did not state the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency without charge.

54.     DEFENDANTS did not comply with 1681g(c)(B)(6) because the disclosure did not state the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under section 1681j(a)(1)(C) of this title; (Emphasis Added).

## THIRD CAUSE OF ACTION

### FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF ICRAA

### (Cal. Civ. Code § 1786 *et seq.*)

### (By Plaintiff and the ICRAA Class Against All Defendants)

55.     PLAINTIFF incorporates all paragraphs of this Complaint as if fully alleged herein.

56.     DEFENDANTS are "persons" as defined by Section 1786.2(a) of the Investigative Consumer Reporting Agencies Act ("ICRAA").

57.     PLAINTIFF and **ICRAA Class** members are "consumers" within the meaning Section 1786.2(b) of the ICRAA, because they are "individuals."

58.     Section 1786.2(c) of the ICRAA defines "investigative consumer report" as:

> a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means.

59.      Thus a background checks qualifies as an investigative consumer report under the ICRAA

60.      Section 1786.16(a)(2) of the ICRAA provides, in relevant part:

> If, at any time, an investigative consumer report is sought for employment purposes…the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:

(B) The person procuring or causing the report to be made provides a ***clear and conspicuous*** disclosure in writing to the consumer at any time before the report is procured or caused to be made ***in a document that consists solely of the disclosure***, that:

(i) An investigative consumer report may be obtained.

(ii) The permissible purpose of the report is identified.

(iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

(iv) Identifies the ***name, address, and telephone number of the investigative consumer reporting agency*** conducting the investigation.

(v) Notifies the consumer in writing of the nature and scope of the investigation requested, including the provisions of Section 1786.22.

(vi) ***Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency*** identified in clause (iv), or, ***if the agency has no Internet Web site address, the telephone number of the agency***, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall become operative on January 1, 2012.

(C) The consumer has authorized in writing the procurement of the report. (Emphasis added.)

61.      As alleged above, because DEFENDANTS' disclosures do not meet the requirements of Section 101(c)(1) of 15 U.S.C. 7001, the disclosures do not satisfy Section 1786.16(a)(2) of the ICRAA requirement that the disclosures be made in writing.

62.      As described above, PLAINTIFF alleges that in evaluating her and other class members for employment, DEFENDANTS procured or caused to be prepared investigative consumer report (e.g. background checks), as defined by Cal. Civ. Code § 1786.2(c).

63.      Because the purported disclosures are embedded with extraneous information,

and are not clear and unambiguous disclosures in stand-alone documents, they do not meet the requirements under the law.

64.     Under the ICRAA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes  unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. Cal. Civ. Code § 1786.16(a)(2)(B)-(C). The inclusion of the Release and other extraneous information, therefore, violates § 1786.16(a)(2)(B) of the ICRAA.

65.     By including the Release and other extraneous information, DEFENDANTS willfully violated § 1786.16(a)(2)(B) of the ICRAA.  Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and conspicuous" and thus violates § 1786.16(a)(2)(B).

66.     Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, PLAINTIFF alleges that DEFENDANTS have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring background checks or causing background checks to be procured, as described above.  Pursuant to that policy and practice, DEFENDANTS procured background checks or caused background checks to be procured for PLAINTIFF and class members without first providing a written disclosure in compliance with § 1786.16(a)(2)(B) of the ICRAA, as described above.

67.     DEFENDANTS' conduct in violation of § 1786.16(a)(2)(B) of the ICRAA was and is willful and/or grossly negligent. DEFENDANTS acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including PLAINTIFF and class members. DEFENDANTS' willful conduct is reflected by, among other things, the following facts:

(d)     DEFENDANTS are large corporations with access to legal advice;

(e)     DEFENDANTS required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences DEFENDANTS' awareness of and willful failure to follow the governing laws

---

concerning such authorizations; and

      (f)    The plain language of the statute unambiguously indicates that inclusion of extraneous information in a disclosure form violates the disclosure and authorization requirements, and that the disclosure form must contain the name, address, phone number, and/or website address of the investigative consumer reporting agency conducting the investigation.

68.    As a result of DEFENDANTS' illegal procurement of background reports by way of their inadequate disclosures, as set forth above, PLAINTIFF and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA.

69.    PLAINTIFF, on behalf of himself and all class members, seeks all available remedies pursuant to Cal. Civ. Code § 1786.50, including statutory damages and/or actual damages, punitive damages, and attorneys' fees and costs.

70.    In the alternative to PLAINTIFF'S allegation that these violations were willful or grossly negligent, PLAINTIFF alleges that the violations were negligent and seeks the appropriate remedy, if any, under Cal. Civ. Code § 1786.50(a), including actual damages and attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

### FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF CCRAA

### (Cal. Civ. Code § 1785 *et seq.*)

### (By Plaintiff and the CCRAA Class Against All Defendants)

71.    PLAINTIFF incorporates all paragraphs of this Complaint as if fully alleged herein.

72.    DEFENDANTS are "persons" as defined by Section 1785.3(j) of the Consumer Credit Reporting Agencies Act ("CCRAA").

73.    PLAINTIFF and **CCRAA Class** members are "consumers" within the meaning Section 1785.3(b) of the CCRAA, because they are "natural individuals."

74.    Section 1785.3(c) of the ICRAA defines "consumer credit report" as:

any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for: ...(2) employment purposes...

Thus a credit report qualifies as a consumer credit report under the CCRAA.

75.     Section 1785.20.5(a) of the CCRAA provides, in relevant part:

Prior to requesting a consumer credit report for employment purposes, the user of the report shall provide written notice to the person involved. The notice shall inform the person that a report will be used, and ***shall identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the report. The notice shall also inform the person of the source of the report***...

(Emphasis added.)

76.     As described above, PLAINTIFF alleges that in evaluating her and other class members for employment, DEFENDANTS procured or caused to be prepared consumer credit reports (e.g. credit reports), as defined by Cal. Civ. Code § 1785.3(c).

77.     The disclosure provided by DEFENDANTS does not identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report. This omission clearly violates § 1785.20.5(a) of the CCRAA, as delineated above.

78.     Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, PLAINTIFF alleges that DEFENDANTS have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring credit reports or causing credit reports to be procured, as described above.  Pursuant to that policy and practice, DEFENDANTS procured credit reports or caused credit reports to be procured for PLAINTIFF and class members without first providing a written notice in compliance with § 1785.20.5(a) of the CCRAA, as described above.

79.     DEFENDANTS' conduct in violation of § 1785.20.5(a) of the CCRAA was and is willful and/or grossly negligent. DEFENDANTS acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including PLAINTIFF and class members. DEFENDANTS' willful conduct is reflected by, among other things, the following facts:

(g)     DEFENDANTS are large corporations with access to legal advice;

(h)     DEFENDANTS required a purported authorization to perform credit checks in the process of employing the class members which, although defective, evidences DEFENDANTS' awareness of and willful failure to follow the governing laws concerning such authorizations; and

(i)     The plain language of the statute unambiguously indicates that failure to include the provisions identified above violates the CCRAA's notice requirements, and that the notice must identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report and must identify the source of any credit report.

80.     As a result of DEFENDANTS' illegal procurement of credit reports by way of their inadequate notice, as set forth above, PLAINTIFF and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the CCRAA.

81.     PLAINTIFF, on behalf of himself and all class members, seeks all available remedies pursuant to Cal. Civ. Code § 1785.31, including statutory damages and/or actual damages, punitive damages, injunctive relief, and attorneys' fees and costs.

82.     In the alternative to PLAINTIFF'S allegation that these violations were willful, PLAINTIFF alleges that the violations were negligent and seeks the appropriate remedy, if any, under Cal. Civ. Code § 1785.31(a)(1), including but not limited to actual damages and attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200, *et seq.*)

### (By Plaintiff and FCRA, ICRAA and CCRAA Class)

83.     PLAINTIFF incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

84.     Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

85.     Business and Professions Code sections 17203–17204 allow a person who has

---

lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure section 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

86.     Federal and California laws require certain disclosures and proper authorization before conducting background checks and obtaining information from credit and background reports in connection with a hiring process.

87.     PLAINTIFF and the FCRA, ICRAA and CCRAA Class re-alleges and incorporates by reference the FIRST, SECOND, THIRD and FOURTH causes of action herein.

88.     PLAINTIFF lost money or property as a result of the aforementioned unfair competition.

89.     DEFENDANTS have, or may have, acquired money by means of unfair competition.

90.     DEFENDANTS have violated Federal and California laws through their policies and practices of, *inter alia*, routinely acquiring consumer, investigative consumer and/or consumer credit reports (referred to collectively as "credit and background reports") to conduct background checks on PLAINTIFF and other prospective, current and former employees and use information from credit and background reports in connection with their hiring process without providing proper disclosures and obtaining proper authorization in compliance with the law.

91.     The unlawful conduct of DEFENDANTS alleged herein amounts to and constitutes unfair competition within the meaning of Business and Professions Code sections 17200, *et seq*. Business and Professions Code section 17200, *et seq*., protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on his own behalf and on behalf of other similarly situated persons in a class action proceeding.

92.     PLAINTIFF is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of DEFENDANTS.

93.     Due to its unfair and unlawful business practices in violation of Federal and

California laws as alleged herein, DEFENDANTS have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations.

94.      Pursuant to Business and Professions Code section 17203, PLAINTIFF, on behalf of himself and the other members of the FCRA, ICRAA and CCRAA Class, seeks declaratory relief and restitution of all monies rightfully belonging to them that did not pay them or otherwise retained by means of its unlawful and unfair business practices.

95.      Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, PLAINTIFF and the other members of the FCRA, ICRAA and CCRAA Class are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

///

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF, on behalf of himself and all others similarly situated, prays for relief and judgment against DEFENDANTS as follows:

    A.  An order that the action be certified as a class action;

    B.  An order that PLAINTIFF be appointed class representative;

    C.  An order that counsel for PLAINTIFF be appointed class counsel;

    D.  Statutory penalties;

    E.  Civil penalties;

    F.  Punitive damages;

    G.  Injunctive relief;

    H.  Costs of suit;

    I.  Interest;

    J.  Restitution;

    K.  Reasonable attorneys' fees; and

    L.  Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

1     PLAINTIFF, on behalf of himself and all others similarly situated, hereby demands a

2 jury trial on all issues so triable.

4 Dated: July 19, 2017                SETAREH LAW GROUP

SHAUN SETAREH
Attorney for Plaintiff,
JULIEN POINSIGNON

# EXHIBIT A

## DISCLOSURE REGARDING BACKGROUND INVESTIGATION

The Company or Employer indicated below may obtain information about you for employment purposes (including contract or volunteer services) from the following consumer reporting agency: Employment Background Investigations, Inc. (EBI), P.O. Box 629, Owings Mills, MD 21117, 1-800-324-7700. Thus, you may be the subject of a "consumer report" ( investigative consumer reports in California) which may include, but not limited to, public record information, employment, education and license verification, etc. In addition, investigative consumer reports, as defined by the federal Fair Credit Reporting Act, may be obtained which are gathered from personal interviews with employers, and other current or past associates, which may include information about your character, general reputation, personal characteristics, and/or mode of living. These reports may be obtained at any time after receipt of your authorization and, if you are hired, throughout your employment.

## ACKNOWLEDGMENT AND AUTHORIZATION

I acknowledge receipt of the DISCLOSURE REGARDING BACKGROUND INVESTIGATION and A SUMMARY OF YOUR RIGHTS UNDER THE FAIR CREDIT REPORTING ACT. I hereby authorize the obtaining and furnishing of "consumer reports" and/or "investigative consumer reports" at any time after receipt of this authorization and, if I am hired, throughout my employment. I also authorize Employer to share any consumer reports with companies to which Employer may assign me to work. To this end, I hereby authorize, without reservation, any law enforcement agency, administrator, local, state or federal agency, institution, school or university (public or private), information service bureau, employer, or insurance company to furnish any and all background information (including, but not limited to, driving and/or motor vehicle records, transcripts, grades and attendance records, employment history, salary information and references, workers compensation documents, records or reports in Pennsylvania, from the Industrial Commission of Arizona and in all other states, drug and alcohol testing results) requested by EBI acting on behalf of Employer, and/or Employer itself. If and when applicable, I also hereby authorize any past employers regulated by the U.S. Department of Transportation (49 CFR Part 40 and/or 49 CFR Part 391), to provide (a) work history information, and (b) drug and alcohol testing records from the previous three years, to EBI acting on behalf of Employer, and/or Employer itself. I agree that a facsimile ("fax") or photographic copy of this Authorization shall be as valid as the original.

You have the right, upon written request made within a reasonable time after receipt of this notice, to request disclosure of the nature and scope of any investigative consumer report or consumer report. For complete details pertaining to EBI's privacy practices, including whether your personal information will be sent outside of the U.S. or its territories, EBI's Privacy Policy can be viewed at: http://www.ebiinc.com/privacy-policy.html.

California, Minnesota and Oklahoma applicants or employees only: Please check the box if you would like to receive a copy of a consumer report if one is obtained by the Company. ☐

New York applicants or employees only: By signing below, you also acknowledge receipt of Article 23-A of the New York Corrections Law.

Company/Employer:    IMPERVA, INC.

Applicant Name:    JULIEN LUCIEN POINSIGNON

Applicant Signature: _____    Date:   10/28/2015

# EXHIBIT B





≡

800.324.7700 | Contact | Client Login |

## WHY EBI
Screening Process Optimization
Smart Screening Technology
Industry-Leading Customer Care
Data Security & Compliance
Systems Integration

Account Management

## SERVICES
Background Screening
Social Security Number Trace
Credit Report Checks
Criminal Background Checks
Employment Verifications
Education Verifications
License Verifications
Reference Checks
Post-Hire Employee Monitoring
Driving Records

Healthcare Sanctions
Drug Testing
Occupational Health Screening

EBI-9

## SOLUTIONS
Global
Enterprise
Small Business
Extended Workforce

Industry Specific Solutions

Healthcare

Transportation

Retail

Education

Hospitality

Staffing

Volunteers & Non-Profits

**SCREENING NEWS NETWORK**

**RESOURCES**

Blog

Videos

Whitepapers

Webinars

FAQs

Glossary

Background Screening 101

**COMPANY**

Executive Team

Giving Back

Careers

Partners

Contact Us

Submit an RFP

Press

Request Demo

# EBI's Information Privacy Policy

PLEASE READ THIS IMPORTANT STATEMENT

Privacy Policy | EBI

# Terms of Use

Employment Background Investigations, Inc. (EBI) and its affiliates provide the content of the Web site subject to the following Terms, and these Terms may be revised at any time. By accessing and/or using the Site, the User acknowledges this disclaimer and agrees to be bound by the following terms and conditions:

All content and functionality on this Site, including text, graphics, logos, icons, and images and the selection and arrangement thereof, is the exclusive property of EBI and/or its licensors and is protected by US and international copyright laws. Rights not expressly granted are reserved.

EBI posts content on this Web site and in its newsletters which discuss legal and legislative developments. This content is purely informational and may not be construed as legal advice. Users must direct questions about legal issues and legislative developments to their legal counsel.

EBI makes no warranties or representations as to the accuracy or timeliness of information on this Site. Information on this Site may contain technical inaccuracies or typographical errors. EBI assumes no liability or responsibility for any errors or omissions in the content of the Site. EBI may change or update information without notice. EBI may make improvements and/or changes in the products and/or the programs described in this Site at any time without notice. Your use of this Site is at your own risk. Further, EBI makes no warranties or representations as to the accuracy or timeliness of any information on any third-party Sites that are linked to this Site.

This Web site may provide links to websites operated by its affiliates and third parties. EBI makes no representations whatsoever about any affiliate or third party websites that you may access through this Web site, and the fact that we have linked to another site should not be construed as an endorsement of that Site or its proprietor, except that an affiliate site is, in fact an affiliate of EBI. EBI is not responsible for the privacy practices, terms and conditions or the content of such Web sites. EBI prohibits (i) the framing of any materials available through this Web site, and (ii) "deep linking" to pages of the Web site other than the home page. EBI reserves the right to disable any unauthorized frames and specifically disclaims any responsibility for the contents of any other websites linked to this site.

YOU ARE SOLELY RESPONSIBLE FOR MAINTAINING THE CONFIDENTIALITY OF ANY PASSWORDS. You are responsible for all use of EBI Services and for the security of your login identification, your password and any security lock code that you use to protect access to your data, EBI personal profile, your file name(s) and files, network and user access.

Under no circumstances shall EBI be liable for any damages suffered by any User, including any incidental, special, exemplary or consequential damages (including, without limitation, any lost

profits or damages for busin    interpretation, loss of informatior    ograms or other data) that result from access to, use of, or inability to use this site or due to any breach of security associated with the transmission of information through the internet, even if EBI was advised of the possibility of such damages. You agree to defend, indemnify, and hold EBI, its officers, directors, employees, agents, affiliates, licensors, and suppliers, harmless from and against any claims, actions or demands, liabilities and settlements including without limitation, reasonable legal and accounting fees, resulting from, or alleged to result from, your violation of these Terms of Use.

Unfortunately, no data transmission over the Internet or any wireless network can be guaranteed to be 100% secure. As a result, while we strive to protect your professional information, EBI can not ensure or warrant the security of any information you transmit to us or from our site, and you do so at your own risk. Once we receive your transmission, we make reasonable efforts to ensure its security on our systems.

These Terms are governed by the laws of the State of Maryland, and any dispute arising from these Terms shall be resolved exclusively in the State and Federal Courts of the State of Maryland.

These terms of use were last updated: September 18, 2016.

# "COOKIES" disclosure

EBI may obtain "cookies" from website visitors, which is a collection of anonymous information about website usage that will never contain personally identifiable information (PII).  Cookies are a small file that will be sent to your computer that can contain information about your online visit and computer.  The information we receive will be used for internal quality purposes, and will not be shared with a third party at any time.  If you would like to turn off cookies, or receive a notification when cookies are going to be sent, please change your browser settings, however this may cause some pages on and features of our website to function improperly.

# Our Privacy Policy

Employment Background Investigations, Inc. (EBI) is committed to maintaining the confidentiality of your personal information in the global marketplace. EBI has established a data privacy policy which complies with the seven Privacy Shield principles administered by the United States Department of Commerce.

**Notice**

- EBI is a consumer reporting agency that collects personal data solely for the purposes of providing our clients with essential information required to make Fair Credit Reporting Act (FCRA) compliant screening decisions, and is subject to the investigatory and enforcement powers of the Federal Trade Commission (FTC), Consumer Financial Protection Bureau (CFPB) and the Department of Transportation (DOT). Information provided by an individual may include name, date of birth, Social Security Number, Motor Vehicle Operator's License Number, Professional License information, employment history, education and other subject information.

All data is collected, stored and delivered in compliance with applicable laws, including the Fair Credit Reporting Act (FCRA), European Union Data Protection Directive, Swiss Federal Act on Data Protection, and other local, state and federal laws, as well as all Privacy Shield Principles. EBI does not process personal information in a manner incompatible with the purposes for which it has been collected, however it may be required to disclose personal information in response to lawful requests by public authorities, including meeting national security or enforcement requirements. All individuals that are the subject of a consumer report procured by EBI have the right to access their personal data.

**Choice**

Consumers may elect not to submit personal information to EBI if they do not want their personal data disclosed to our client, a third party, or to be used for a purpose that is materially different from the purpose for which it was originally collected or authorized. Consent forms either from EBI or the consumer's employer or potential employer indicate the consumer agrees to provide personally-identifying information (PII), and consent to EBI's use of that information. With regard to sensitive information, EU or Swiss residents are given an affirmative choice whether to disclose the information to a third party or if the information will be used in a manner inconsistent with the purposes for which it has been collected or subsequently authorized by the consumer through the exercise of opt-in choice. EBI will treat as sensitive any personal information received from a third party where the party has identified it and treated it as sensitive. In addition, under the US-Swiss Privacy Shield framework sensitive data also includes ideological views or activities, information on Social Security measures or administrative or criminal proceedings and sanctions, which are treated outside pending proceedings.

**Accountability for Onward Transfer**

When transferring personal data to a third party acting as an agent, EBI will only (i) transfer data for limited and specified purposes consistent with the consent provided by the consumer, (ii) ascertain that the agent is obligated to provide at least the same level of privacy protection required by the Privacy Shield Principles, (iii) take reasonable and appropriate steps to ensure that the agent

effectively processes the personal information transferred in a manner consistent with EBI's obligations under the Privacy Shield Principles, (iv) require the agent to notify EBI if it makes a determination that it can no longer meet its obligation to provide the level of protection required and will take reasonable and appropriate steps to stop and remediate unauthorized processing at that time, and (v) will provide a summary or a representative copy of the relevant privacy provisions of its contract with that agent to the Department upon request.

## Security

EBI takes reasonable and appropriate precautions to protect personal information from loss, misuse and unauthorized access, disclosure, alteration and destruction.  EBI takes into due account the risks involved in the processing and the nature of the personal data.

## Data Integrity and Purpose Limitation

Personal information obtained by EBI is relevant for the purposes of providing our clients with information required to make employment screening decisions.  EBI takes reasonable steps to ensure that data is reliable for its intended use, accurate, complete, and current.  The data obtained will be retained only for as long as it serves its relevant purpose for processing of the background screening report and correlated compliance and legal considerations.  If any consumer believes any information in EBI's possession is inaccurate, they should contact EBI directly to discuss correcting, amending or deleting the incorrect information.

## Access

United States residents have the right to any consumer report produced or maintained by EBI once every twelve months.  Information will be mailed via the United States Postal Service within seven days of the consumer's request.  European Union or Switzerland residents may also contact EBI to request a copy of their consumer report.  A fee no greater than $8 USD may be charged to cover delivery expenses, information will be forwarded within 30 days via standard delivery methods. Consumers may contact EBI to dispute any information that they believe is inaccurate or incomplete, and EBI will conduct a reinvestigation which may result in the information being corrected, amended or deleted when found to be inaccurate or processed in violation of the Privacy Shield Principles.  There is an exception to the aforementioned reinvestigation when the burden or expense of providing access would be disproportionate to the consumer's privacy in the case in question, or where the rights of persons other than the consumer would be violated.

## Recourse, Enforcement, and Liability

EBI periodically verifies that this privacy policy is accurate, comprehensive, prominently displayed, completely implemented and accessible, as well as in compliance and conformity with all US-EU and US-Swiss Privacy Shield principles. EBI has responsibility for the processing of personal information it receives under the Privacy Shield and subsequently transfers to a third party acting on

our behalf. EBI shall remain     le under the Privacy Shield Princip     if our agent processes this information in a manner inconsistent with the Principles, unless we can prove that we are not responsible for the event giving rise to the damage.

EU or Swiss consumers who feel that their privacy rights may have been violated should first contact EBI. In the event that EBI is not able to resolve the matter, EBI has committed to refer any unresolved privacy complaints under the US-EU and US-Swiss Privacy Shield principles to an independent recourse mechanism by which consumer complaints and disputes can be investigated and resolved at no cost to the individual. The independent recourse mechanism chosen will include verification that EBI's assertions regarding privacy practices are accurate, and remedying failure to comply with the principles.

EBI has designated the EU Data Protection Authorities (DPAs) and the Swiss Federal Data Protection and Information Commissioner (SFDPIC) as its independent recourse mechanism for dispute resolution. EBI will cooperate with the DPAs and the SFDPIC in the investigation and resolution of complaints brought under the US-EU or US-Swiss Privacy Shield. EBI will comply with any direction given by the DPAs and the SFDPIC, including any specific actions to ensure compliance with the principles. It is possible, under certain conditions, for the individual to invoke binding arbitration.

EBI and our independent recourse mechanism will respond promptly to inquiries and requests by the Department for information relating to the Privacy Shield, and to complaints regarding compliance with the Principles referred by EU Member State authorities. If EBI was subject to a Federal Trade Commission (FTC) or court order due to non-compliance, we will make public any relevant Privacy Shield related issues

The contact information for the EU Data Protection Authorities is available at: http://ec.europa.eu/justice/data-protection/bodies/authorities/third-countries/index_en.htm The contact information for the Swiss Federal Data Protection and Information Commissioner (SFDPIC) is available at: http://www.edoeb.admin.ch/

This Privacy Policy may be modified or amended at any time without prior notice. Please review this Privacy Policy prior to contacting EBI with requests or questions.

More information about the Privacy Shield Framework can be found at: https://www.privacyshield.gov

## Contact Information
Attn: Compliance
Employment Background Investigations, Inc.
P.O. Box 629
Owings Mills, MD 21117
Telephone: (800) 324-7700

Facsimile: (410) 486-0731

[compliance@ebiinc.com](mailto:compliance@ebiinc.com)

BSCMP081 - v02 - 2017-05-08

Why EBI
Screening Process Optimization
Smart Screening Technology
Industry-Leading Customer Care
Data Security & Compliance
Systems Integration
Account Management

Services
Background Screening
Drug Testing
Occupational Health Screening
EBI-9

Solutions
Global
Enterprise
Small Business
Extended Workforce

Screening News Network

Resources
Blog
Videos
Whitepapers
Webinars
FAQs
Glossary
Background Screening 101

About Us
Executive Team
Giving Back
Careers
Partners
Press
Submit an RFP

Request A Demo



20 New Plant Court ┊ Owings Mills ┊ MD 21117    Support: 800-324-7700 ┊

Sales: 877.963.5508 ┊

Fact Act Notice ┊ NAPBS Background Accreditation ┊ ISO27001 & 9001 Certifications ┊ Consumer Resources

Privacy Policy ┊ Sitemap ┊ PSC Locator ┊ Login

© 2017 Employment Background Investigations, Inc. (EBI)

SUM-100

# SUMMONS
## (CITACION JUDICIAL)



**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SAN MATEO COUNTY
AUG 2 5 2017
Clerk of the Superior Court
By _____
DEPUTY CLERK

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
IMPERVA, INC., a Delaware corporation; (Additional Parties
Attachment form is attached.)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JULIEN POINSIGNON, on behalf of himself, all others similarly
situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Southern Branch<br>400 County Center<br>Redwood City, California 94063 | CASE NUMBER:<br>*(Número del Caso):* **CIV 03879** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, Esq., 9454 Wilshire Boulevard, Suite 907, Beverly Hills, California 90212, (310) 888-7771.

DATE: AUG 2 5 2017        RODINA M. CATALANO Clerk, by _____, Deputy
*(Fecha)*                            *(Secretario)*                           *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

17 - CIV - 03879
SUM
Summons Issued / Filed
677994

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

SUM-200(A)

| SHORT TITLE:<br>Poinsignon v. Imperva, Inc., et al. | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

INSPERITY PEO SERVICES, L.P., a Delaware limited liability partnership; and DOES 1 through 100, inclusive,

Page 1 of 1

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh, 204514<br>Law Office of Shaun Setareh<br>9454 Wilshire Boulevard, 907<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: (310) 888-7771<br>ATTORNEY FOR *(Name)*: Plaintiff | **FILED**<br>SAN MATEO COUNTY<br><br>SEP - 1 2017<br><br>Clerk of the Superior Court<br>By _____<br>DEPUTY CLERK |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| Superior Court of California, San Mateo County |
| 400 County Center |
| Redwood City, CA 94063-1655 |

| PLAINTIFF/PETITIONER: Julien Poinsignon, et al. | CASE NUMBER:<br>17CIV03879 |
|---|---|
| DEFENDANT/RESPONDENT: Imperva Inc, et al. | |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>Imperva 3879 |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action. **BY FAX**

2. I served copies of: Summons, Civil Case Cover Sheet, Complaint, Notice of CMC, Case Management Statement, Civil Trail Court Management Rules, ADR Information Sheet, ADR Stipulation and Evaluation Instructions

3. a. Party served: Insperity Peo Services, L.P., a Delaware Limited Partnership

   b. Person Served: Becky DeGeorge-CSC - Person Authorized to Accept Service of Process

4. Address where the party was served: 2710 N Gateway Oaks Dr, Ste 150
   Sacramento, CA 95833

5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 08/31/2017     (2) at (time): 2:15PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:


   d. on behalf of:

   Insperity Peo Services, L.P., a Delaware Limited Partnership
   under: CCP 416.40 (association or partnership)

7. Person who served papers
   a. Name:        Christine E. Martin
   b. Address:     One Legal - 194-Marin
                   504 Redwood Blvd #223
                   Novato, CA 94947

   c. Telephone    415-491-0606
   d. The fee for service was: $ 39.95
   e. I am:
      (3) registered California process server.
         (i) Employee or independent contractor.
         (ii) Registration No.: 2014-11
         (iii) County: Sacramento

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
   Date: 08/31/2017

_____
Christine E. Martin
(NAME OF PERSON WHO SERVED PAPERS)

_____
(SIGNATURE)

17-CIV-03879
PCSBC
Proof of Service on CORPORATION, LLC, etc.
691992

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

OL# 11335241

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh, 204514<br>Law Office of Shaun Setareh<br>9454 Wilshire Blvd., Suite 907<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: (310) 888-7771<br>ATTORNEY FOR (Name): Plaintiff | **FILED**<br>SAN MATEO COUNTY<br><br>SEP 1 5 2017<br><br>Clerk of the Superior Court<br>By _____<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, San Mateo County
400 County Center
Redwood City, CA 94063-1655

| PLAINTIFF/PETITIONER: Julien Poinsignon | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: IMPERVA, Inc., et. al. | 17civ03879 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>IMPERVA 3879 |
|---|---|

**BY FAX**

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:   Summons, Complaint, Civil Case Cover Sheet, Notice of Hearing of Case Management

3. a. Party served:   IMPERVA, Inc., a Delaware corporation

   b. Person Served: Saphire McFarlane, Incorporating Services, LTD - Person Authorized to Accept Service of Process

4. Address where the party was served:   7801 Folsom Blvd , STE 202
   Sacramento, CA 95826

5. I served the party
   a. by personal service.   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 09/01/2017       (2) at   (time): 12:10PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   IMPERVA, Inc., a Delaware corporation
   under: CCP 416.10 (corporation)

7. Person who served papers
   a. Name:       Brandon Lee Ortiz
   b. Address:    One Legal - 194-Marin
                  504 Redwood Blvd #223
                  Novato, CA 94947

   c. Telephone      415-491-0606
   d. The fee for service was: $ 69.95
   e. I am:
      (3) registered California process server.
          (i) Employee or Independent contractor.
          (ii) Registration No.: 2012-37
          (iii) County: Sacramento

17 – CIV – 03879
PCSBC
Proof of Service on CORPORATION, LLC, etc.
718041

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date: 09/14/2017



Brandon Lee Ortiz
_____                    _____
(NAME OF PERSON WHO SERVED PAPERS)                  (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]                    **PROOF OF SERVICE OF SUMMONS**        Code of Civil Procedure, § 417.10

OL# 11335107

1  Shaun Setareh (SBN 204514)
       shaun@setarehlaw.com
2  H. Scott Leviant (SBN 200834)
       scott@setarehlaw.com
3  **SETAREH LAW GROUP**
   9454 Wilshire Boulevard, Suite 907
4  Beverly Hills, California 90212
   Telephone (310) 888-7771
5  Facsimile (310) 888-0109

6  Attorneys for Plaintiff,
   JULIEN POINSIGNON

7



**FILED**
**SAN MATEO COUNTY**

AUG 25 2017

Clerk of the Superior Court
By _____
        DEPUTY CLERK

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9            **FOR THE COUNTY OF SAN MATEO, SOUTHERN BRANCH**

10                      **UNLIMITED JURISDICTION**

11

12  JULIEN POINSIGNON, on behalf of himself,       Case No:     **17CIV03879**
    all others similarly situated,
13
                                                   CERTIFICATE OF COMPLEX
14              *Plaintiff,*                        DESIGNATION

15       vs.

16  IMPERVA, INC., a Delaware corporation;
    INSPERITY PEO SERVICES, L.P., a
17  Delaware limited liability partnership; and
    DOES 1 through 100, inclusive,
18
19              *Defendants.*

20

21

22                          17-CIV-03879
                            CRCCD
23                          Certificate Re: Complex Case Designation
                            677998
24                          

25

26

27

28

---

*Poinsignon v. Imperva, Inc., et al.*

1    **CERTIFICATE RE:  COMPLEX CASE DESIGNATION**

2

3    [*This Certificate Must Be Completed And Filed With Your Civil Case Cover Sheet
     If You Have Checked A Complex Case Designation Or Counter-Designation*]

4

5        1.    In the attached Civil Case Cover Sheet, this case is being designated or counter-

6    designated as a complex case [or as not a complex case] because at least one or more of the

7    following boxes has been checked:

8        ☒    Box 1 – case type that is best described as being [or not being] provisionally

9

10   complex civil litigation (i.e., antitrust or trade regulation claims, construction defect claims

11   involving many parties or structures, securities claims or investment losses involving many

12   parties, environmental or toxic tort claims involving many parties, claims involving mass torts, or

13   insurance coverage claims arising out of any of the foregoing claims).

14       ☒    Box 2 – complex [or not complex] due to factors requiring exceptional judicial

15   management.

16

17       ☒    Box 5 – Is [or is not] a class action suit.

18       2.    This case is being so designated based upon the following supporting information

19   [including, without limitation, a brief description of the following factors as they pertain to this

20   particular case: (1) management of a large number of separately represented parties; (2)

21   complexity of anticipated factual and/or legal issues; (3) numerous pretrial motions that will be

22   time-consuming to resolve; (4) management of a large number of witnesses or a substantial

23   amount of documentary evidence; (5) coordination with related actions pending in one or more

24   courts in other counties, states or countries or in a federal court; (6) whether or not certification

25   of a putative class action will in fact be pursued; and (7) substantial post-judgment judicial

26

27   supervision]:

28

- 1 -

1  _____

2  _____

3  _____

4  _____

5  _____

6  _____

7  _____

8  _____

9  _____

10 _____

11 _____

12 _____

13 _____

14                    [*Attach additional pages, if necessary.*]

15        3.        Based on the above-stated supporting information, there is a reasonable basis for

16 the complex case designation or counter-designation [or noncomplex case counter-designation]

17 being made in the attached Civil Case Cover Sheet.

18                                        *****

19

20        I, the undersigned counsel or self-represented party, hereby certify that the above is true

21 and correct and that I make this certification subject to the applicable provisions of California

22 Code of Civil Procedure, Section 128.7 and/or California Rules of Professional Conduct, Rule 5-

23 200 (B) and San Mateo County Superior Court Local Rules, Local Rule 2.30.

24

25 Dated: ___8/9/17___ .

26

27 Shawn Sedaghat, Esq.

28 [Type or Print Name]                    [Signature of Party or Attorney For Party]

                                    - 2 -

DATED:  August 23, 2017

SETAREH LAW GROUP

BY _____

SHAUN SETAREH
Attorneys for Plaintiff,
JULIEN POINSIGNON

1

## NOTICE OF CASE MANAGEMENT CONFERENCE

Poissignon, et al

vs.

Impara, Inc., et al

**FILED**
**SAN MATEO COUNTY**
AUG 2 5 2017
Clerk of the Superior Court
By _____ DEPUTY CLERK

Case No: 17CIV03879

[JAN 1 0 2018

Date: _____

Time 9:00 a.m.

Dept. _____   --on Tuesday & Thursday
Dept. 21   --on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of the Court and local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:

   a) Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 201.7).

   b) Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.

   c) File and serve a completed Case Management Statement at least 15-days before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.

   d) Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than 30-days before the date set for the Case Management Conference.

2. If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order to Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3. Continuances of Case Management Conferences are highly disfavored unless good cause is shown.

4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation to ADR and Proposed Order (see attached form). If plaintiff files a Stipulation to ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10–days prior to the first scheduled Case Management Conference, the Case Management Conference will be continued for 90-days to allow parties time to complete their ADR session. The court will notify parties of their new Case Management Conference date.

5. If you have filed a default or a judgment has been entered, your case is not automatically taken off Case Management Conference Calendar. If "Does", "Roes," etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7. The Case Management judge will issue orders at the conclusion of the conference that may include:

   a) Referring parties to voluntary ADR and setting an ADR completion date;

   b) Dismissing or severing claims or parties;

   c) Setting a trial date.

8. The Case Management judge may be the trial judge in this case.

17– CIV – 03879
NCMC
Notice of Case Management Conference
677996

For further information regarding case management policies and procedures, see the court's website at: www.sanmateocourt.org

*Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least five business days prior to the scheduled conference (see attached CourtCall information).*



**SUPERIOR COURT OF SAN MATEO COUNTY**
Civil Department
400 County Center, Redwood City, CA 94063
(650) 261-5100
www.sanmateocourt.org

| | |
|---|---|
| **JULIEN POINSIGNON**<br>Plaintiff (s)<br><br>vs.<br><br>**IMPERVA, INC**<br>Defendant (s) | **Notice of Complex Case Status Conference**<br><br>Case No.: 17-CIV-03879       Date:  **10/24/2017**<br>                                      Time:   **9:00 AM**<br>                                      **Dept. PJ** |

Title: **JULIEN POINSIGNON  VS.  IMPERVA, INC, ET AL**

You are hereby given notice of your Complex Case Status Conference.  The date, time and department have been written above.  At this conference, the Presiding Judge will decide whether this action is a complex case within the meaning of California Rules Court ("CRC"), Rule 3.400, subdivision (a) and whether it should be assigned to a single judge for all purposes.

1.  In accordance with applicable **San Mateo County Local Rule 2.30**, you are hereby ordered to:
    a.  **Serve** copies of this notice, your Civil Case Cover Sheet, and your Certificate Re: Complex Case Designation on all named parties in this action no later than service of your first appearance pleadings.
    b.  **Give reason notice** of the Complex Case Status Conference to all named parties in this action, even if they have not yet made a first appearance or been formally served with the documents listed in subdivision (a). Such notice shall be given in the same manner as required for an ex parte application pursuant to CRC 3.1203.

2.  **If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order to Show Cause hearing will be at the same time as the Complex Cause Status Conference.  Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.**

3.  An action is provisionally a complex case if it involves one or more of the following types of claims: (1) antitrust or trade regulation claims; (2) construction defect claims involving many parties or structures; (3) securities claims or investment losses involving many parties; (4) environmental or toxic tort claims involving many parties; (5) claims involving massive torts; (6) claims involving class actions; or (7) insurance coverage claims arising out of any of the claims listed in subdivisions (1) through (6).  The Court shall treat a provisionally complex action as a complex case until the Presiding Judge has the opportunities to decide whether the action meets the definition in CRC 3.400(a).

4.  Any party who files either a Civil Case Cover Sheet (pursuant to CRC 3.401) or counter or joinder Civil Case Cover Sheet (pursuant to CRC 3.402, subdivision (b) or (C)), designating an action as a complex case in Items 1,2 and/or 5, must also file an accompanying Certificate Re: Complex Case Designation in the form prescribed by the Court. The certificate must include supporting information showing a reasonable basis for the complex case designation being sought.  Such supporting information may include, without limitation, a brief description of the following factors as they pertain to the particular action: (1) management of a large number of separately represented parties; (2) complexity of anticipated factual and/or legal issues' (3) numerous pretrial motions that will be time-consuming to resolve; (4) management of a large number of witnesses or a substantial amount of documentary evidence; (5) coordination with related actions pending in one or more courts in other counties, states or countries or in a federal court; (6) whether or not certification of a putative class action will in fact be pursued; and (7) substantial post-judgment judicial supervision.



For further information regarding case management policies and procedures, see the court website at
www.sanmateocourt.org

\* Telephone appearances at Complex Case Status Conference are available by contacting CourtCall, LLC, and
independent vendor, at least 5 business days prior to the scheduled conference.

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that I am the clerk of this court, not a party of this cause; that I served a copy of this notice on the below
date, by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this court
as set forth above, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the
United States Mail at Red wood City, California.

Date: 8/25/2017

Rodina M. Catalano,
Court Executive Officer/Clerk

By: _____

Becky Krill,
Deputy Clerk

Copies mailed to:

NO KNOWN ADDRESS

CHAIM SHAUN SETAREH
C/O JULIEN POINSIGNON

9454 WILSHIRE BOULEVARD
SUITE 907
BEVERLY HILLS CA  90212

Rev. Jun. 2016