UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIEN POINSIGNON,<br><br>    Plaintiff,<br><br>    v.<br><br>IMPERVA, INC.,<br><br>    Defendant. | Case No. 17-cv-05653-EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Docket No. 14 |

## I. INTRODUCTION

Plaintiff Julien Poinsignon brings this putative class action against his former employer Defendants Imperva, Inc., and Insperity PEO Services, L.P., alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and its state analogues, the California Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal Civ. Code § 1786, *et seq.*, and the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785, *et seq.* Plaintiff alleges Defendants obtained credit reports on him and other employees without following statutory requirements. Defendants move to dismiss the complaint. Docket No. 14 ("Mot.").

## II. FACTUAL AND LEGAL BACKGROUND

Mr. Poinsignon alleges:

Defendants employed Mr. Poinsignon from November 2015 to January 2017. Docket No. 1, Ex. A ("Compl.") ¶ 4. During his employment application process, Mr. Poinsignon signed a disclosure and authorization form provided by Defendants ("Form"). *See* Compl. ¶ 19. The Form consists of two sections. *Id.* ¶ 20. The top section is titled "DISCLOSURE REGARDING BACKGROUND INVESTIGATION" and states:

> The Company or Employer indicated below may obtain information about you for employment purposes (including contract or volunteer services) from the following consumer reporting agency: Employment Background Investigations, Inc. (EBI), P.O. Box 629, Owings Mills, MD 21117, 1-800-324-7700. Thus, you may be the subject of a "consumer report" (investigative consumer reports in California) which may include, but not limited to, public record information, employment, education, and license verification, etc. In addition, investigative consumer reports, as defined by the federal Fair Credit Reporting Act, may be obtained which are gathered from personal interviews with employers, and other current or past associates, which may include information about your character, general reputation, personal characteristics, and/or mode of living. These reports may be obtained at any time after receipt of your authorization and, if you are hired, throughout your employment.

*Id.* Immediately below this section, another titled "ACKNOWLEDGMENT AND AUTHORIZATION" appears, stating:

> I acknowledge receipt of the DISCLOSURE REGARDING BACKGROUND INVESTIGATION and a SUMMARY OF YOUR RIGHTS UNDER THE FAIR CREDIT REPORTING. I hereby authorize the obtaining and furnishing of "consumer reports" and/or "investigative consumer reports" at any time after receipt of this authorization and, if I am hired, throughout my employment. I also authorize Employer to share any consumer reports with companies to which Employer may assign me to work. To this end, I hereby authorize, without reservation, any law enforcement agency, administrator, local, state or federal agency, institution, school or university (public or private), information service bureau, employer, or insurance company to furnish any and all background information (including, but not limited to, driving and/or motor vehicle records, transcripts, grades and attendance records, employment history ,salary information and references, workers compensation documents, records or reports in Pennsylvania, from the Industrial Commission of Arizona and in all other states, drug and alcohol testing results) requested by EBI acting on behalf of Employer, and/or Employer itself. If and when applicable, I also hereby authorize any past employers regulated by the U.S. Department of Transportation (49 CFR Part 40 and/or 49 CFR Part 391[)], to provide (a) work history information, and (b) drug and alcohol testing records from the previous three years, to EBI acting on behalf of Employer, and/or Employer itself. I agree that a facsimile ("fax") or photographic copy of this Authorization shall be as valid as the original.
>
> You have the right, upon written request made within a reasonable time after receipt of this notice, to request disclosure of the nature and scope of any investigative consumer report or consumer report. For complete details pertaining to EBI's privacy practices, including whether your personal information will be sent outside of the U.S. or its territories, EBI's Privacy Policy can be viewed at http://www.ebiinc.com/privacy-policy.html.

> California, Minnesota and Oklahoma applicants or employees only: Please check the box if you would like to receive a copy of a consumer report if one is obtained by the company. [Checkbox]

*Id.* The "authorization" portion appears to include additional text not quoted in Plaintiff's complaint. Mr. Poinsignon alleges that the Form violates the FCRA, ICRAA, and CCRAA, because it includes "extraneous and superfluous language that does not consist solely of the disclosure as required by federal and California laws." Compl. ¶ 21. Additionally, Mr. Poinsignon alleges that "the disclosure provided by [Defendants] incorporates by reference a five-page Privacy Policy of a third-party consumer reporting agency and as such does not consist solely of the disclosure as required by federal and California law." *Id.* ¶ 22.

The Complaint asserts five claims.

Claim 1 alleges a violation of FCRA, specifically 15 U.S.C. § 1681b(b), which provides in relevant part that:

> a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless--
> (i) **a clear and conspicuous disclosure** has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists **solely** of the disclosure, that a consumer report may be obtained for employment purposes; and
> (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

15 U.S.C. § 1681b(b)(2) (emphasis added). Plaintiff alleges that Defendants obtained a consumer report of Mr. Poinsignon, Compl. ¶ 31, but that the Form authorizing this action violated FCRA in that it did not contain a "clear and conspicuous disclosure" and was not in a document that consists "solely" of the disclosure. Compl. ¶¶ 33, 37.

Claim 2 also alleges violations of FCRA for failing to include various required information in the Form. *See* Compl. ¶¶ 44-54. Specifically, Claim 2 alleges violations of 15 U.S.C. §§ 1681d(a)(1) and 1681g(c). Section 1681d provides that an "investigative consumer report" of a consumer may not be prepared, unless the consumer receives a disclosure that, *inter alia*, informs the consumer of his right to receive additional disclosures and provides him with a summary of his rights as detailed in § 1681g(c).

3

1 Claim 3 alleges a violation of ICRAA similar to Claim 1's FCRA allegation. *See* Compl. ¶¶ 55-70. ICRAA at California Civil Code § 1786.16(a)(2) requires that an "investigative consumer report" not be prepared unless the person procuring the report provide a "clear and conspicuous disclosure . . . in a document that consists solely of the disclosure." For the same reasons as stated in Claim 1, Claim 3 alleges that the Form violated ICRAA.

Claim 4 alleges that the Form violated CCRAA, because it did not identify the "specific basis . . . for use of the report," as required by California Civil Code § 1785.20.5(a). *See* Compl. ¶¶ 71-82.

Mr. Poinsignon has acceded to the dismissal of Claim 5. Docket No. 15 ("Opp.") at 19.

### III. DISCUSSION

Defendants make four arguments for the dismissal of the Complaint. First, they argue that the Form meets the statutory requirements. Any extraneous language is contained in the "authorization" section of the Form, not the "disclosure" section. Second, Defendants argue that some of Mr. Poinsignon's claims should be dismissed, because they fail to allege actual damages. Third, Defendants argue that Mr. Poinsignon is not entitled to injunctive relief. Fourth, they argue that Mr. Poinsignon has not adequately alleged that Defendants obtained his consumer reports, so the statutory requirements at issue were never triggered.

A. Sufficiency of the Form

FCRA, specifically 15 U.S.C. § 1681b(b)(2)(A), imposes two principal requirements on an employer seeking a consumer report of an applicant: (1) the employer must provide a "clear and conspicuous" disclosure that a consumer report may be obtained for employment purposes, and (2) the applicant must supply the employer with an authorization to procure the report. Furthermore, the disclosure document must consist "solely" of the disclosure, except that the document may also contain the authorization. *See id.* § 1681b(b)(2)(A).

In this case, Defendants' Form contains not only disclosure of the employer's planned procurement of a consumer report, but also references to state law, a URL link to a privacy policy, an acknowledgment of another document (a summary of rights under FCRA), and an assertion that protected health information could be obtained by way of workers' compensation documents. *See*

Opp. at 4, 10, 12 (citing Form). According to Mr. Poinsignon, this violates the "solely" requirement, as well as the requirement that the disclosure be "clear and conspicuous."

Defendants argue that this extraneous information appears only in the authorization section of the Form, not in the disclosure section. In particular, extraneous information in the Form appears under the "ACKNOWLEDGMENT AND AUTHORIZATION" header, instead of the "DISCLOSURE REGARDING BACKGROUND INFORMATION" header of the same document.

Defendants' argument that the Form does not violate § 1681b(b)(2)(A) is without merit. The statute does not require that some *section* be free of extraneous information additional to the disclosure. It requires that the "*document*" be free of such additional information: the *document* must "consist[] solely of the disclosure," except that the "authorization may be made on the document." 15 U.S.C. § 1681b(b)(2)(A) (emphasis added). Further, "[t]he ordinary meaning of 'solely' is '[a]lone; singly' or '[e]ntirely; exclusively.'" *Syed v. M-I, LLC*, 853 F.3d 492, 500 (9th Cir. 2017) (alterations in original) (quoting *American Heritage Dictionary of the English Language* 1666 (5th ed. 2011)). The statute contains an express exception to the "solely" requirement: the authorization for "the procurement of the report" (and nothing more) "may be made on the document." 15 U.S.C. § 1681b(b)(2)(A)(ii). Given this explicit singular exception, "the familiar judicial maxim *expressio unius est exclusio alterius* counsels against finding additional, implied, exceptions." *Syed*, 853 F.3d at 501.

The purpose of the "solely" requirement under § 1681b(b)(2)(A) is to focus the consumer's attention. Presenting the disclosure in a separate stand-alone document free from the clutter of other language calls consumers' attention to their rights and to the significance of their authorization. This is underscored by the statute's requirement that the disclosure be "clear and conspicuous." To permit in the same disclosure document an authorization loaded up with other fine print dilutes the force and clarity of the disclosure mandated by the statute.

Hence, Defendants' argument that the Form complies with § 1681b(b)(2)(A)(ii) is without merit. Defendants' motion to dismiss Claim 1 is denied. *See Cunha v. IntelliCheck, LLC*, 254 F. Supp. 3d 1124, 1130 (N.D. Ca. 2017).

5

B.  Actual Damages

Defendants request dismissal of parts of Claims 1, 3, and 4 for failure to allege actual damages. The Complaint alleges that "PLAINTIFF and class members have been injured including, but not limited, to having their privacy and statutory rights invaded in violation of the FCRA." Compl. ¶¶ 41, 68, 80. Mr. Poinsignon fails specifically to allege actual damages.

If the Defendants' violation of FCRA is based on negligence, only actual damages and attorney's fees are recoverable. *See* 15 U.S.C. § 1681o. Statutory damages may be recovered only if noncompliance is willful. *See id.* § 1681n. The same is true under the CCRAA, except one important distinction: CCRAA explicitly defines "actual damages" to "includ[e] court costs, loss of wages, attorney's fees and, when applicable, pain and suffering." *See* Cal. Civ. Code § 1785.31. At the motion hearing, Mr. Poinsignon conceded that he suffered no actual damages. He only seeks statutory damages and attorney's fees. *See* Compl. ¶¶ 42, 69, 81. Without an allegation of actual damages, the FCRA claim based on negligent violations fails. However, the CCRAA claim survives because the attorney's fees are considered actual damages.[1] Mr. Poinsignon has pleaded willfulness in the alternative for each of his claims. *See* Compl. ¶¶ 43, 70, 82. His claim for willful violation of 15 U.S.C. §§ 1681d and 1681g also survives. *See Cunha*, 254 F. Supp. 3d at 1130.

ICRAA provides that a defendant is liable to a consumer for "[a]ny actual damages sustained by the consumer as a result of the [defendant's] failure or, except in the case of class actions, ten thousand dollars ($10,000), whichever sum is greater." Cal. Civ. Code § 1786.50(a)(1). Plaintiff does not claim actual damages. An individual plaintiff who has not incurred any actual damages may still recover $10,000 in statutory damages. However, ICRAA does not provide for the recovery of statutory damages on a class-wide basis. Thus, the class claims for damages under the ICRAA are dismissed.

Given Mr. Poinsignon's failure to allege actual damages under FCRA and his concession

---

[1] In contrast to CCRAA, FCRA and ICRAA do not consider attorney's fees to constitute "actual damages" but rather treat them as separate categories of recovery. *See* 15 U.S.C. § 1681o(a)(1)-(2); Cal. Civ. Code § 1786.50(a)(1)-(2).

6

that he seeks no such damages, the Court **DISMISSES** Claims 1 (FCRA) insofar as he alleges a negligent violations. Only willful violation of the FCRA survives, in addition to the Claim 4 (CCRAA) claim for both negligent and willful violations. Additionally, the Court **DISMISSES** Claim 3 (ICRAA)'s class claim because no actual damages are sought and statutory damages are unavailable.

C. <u>Injunctive Relief</u>

Defendants also argue that there is no basis for injunctive relief, because injunctive relief is not available under FCRA and ICRAA, *see Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1145 (N.D. Cal. 2005) (remedies under FCRA are restricted to damages and attorney's fees); Cal. Civ. Code. § 1786.50 (same for ICRAA), while actual damages are required for injunctive relief under CCRAA.[2] Mot. at 15.

Mr. Poinsignon's only substantive response is that he has pled actual damages, per the discussion above, and that he may therefore seek injunctive relief under CCRAA. *See* Opp. at 18. As explained above, because the CCRAA defines actual damages to include attorney's fees, and because Mr. Poinsignon seeks such fees, he has adequately pled a request for actual damages under the CCRAA and therefore may, in principle, seek injunctive relief under CCRAA even though he may not under FCRA or ICRAA.[3]

Defendant also argues that Plaintiff lacks Article III standing to seek injunctive relief

---

[2] CCRAA provides that "[i]njunctive relief shall be available to any consumer aggrieved by a violation or a threatened violation of this title whether or not the consumer seeks any other remedy under this section." Cal. Civ. Code § 1785.31(b). This would appear not to require actual damages. However, the California Court of Appeal has conditioned injunctive relief under § 1785.31(b), at least for plaintiffs "uninjured by violations that have already occurred" (as opposed to threatened violations), on a showing of actual damages. *See Trujillo v. First Am. Registry, Inc.*, 157 Cal.App.4th 628, 637-38 (2007); *see also Abdelfattah v. Carrington Mortg. Servs. LLC*, No. C-12-04656-RMW, 2013 WL 5718463, at *2 (N.D. Cal. Oct. 21, 2013) (applying *Trujillo* to require actual damages for injunctive relief).

[3] Mr. Poinsignon also offers a procedural response: He avers that Defendants should bring a 12(f) motion to strike to attack his prayer for injunctive relief, not a 12(b)(6) motion to dismiss. *See id.* A 12(b)(6) motion is the proper vehicle for Defendants' arguments, however. *See Mateos-Sandoval v. Cty. of Sonoma*, No. C11-5817 TEH, 2013 WL 3878181, at *3 n.2 (N.D. Cal. July 25, 2013) (12(b)(6), not 12(f), is proper vehicle for dismissal of injunctive relief); *Perez v. Auto Tech. Co.*, No. CV 13-06728 MMM (VBKx), 2014 WL 12591254, at *3-4 (C.D. Cal. Feb. 4, 2014) (12(b)(6), not 12(f), is proper vehicle to dismiss prayer for attorney's fees and punitive damages where there is "no legal basis" for such remedies).

because he cannot show "a real and immediate threat of repeated injury in the future." *Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). Plaintiff's sole response is that, "[t]o the extent that Defendant has obtained private information about Plaintiff in violation of . . . CCRAA, [he] is entitled to injunctive relief to compel the destruction of that information, including through the deletion of all copies and backup copies of that information." Opp. at 18. That may be true,[4] but as explained in the following section, Plaintiff has not adequately pled that Defendant actually obtained any information about him in violation of CCRAA. Accordingly, the CCRAAA claim for injunctive relief will also be dismissed without prejudice.

Accordingly, the Court **DISMISSES** the claims for injunctive relief under FCRA, CCRAA, and ICRAA. Plaintiff has leave to amend to attempt to state a claim for injunctive relief under CCRAA by adequately pleading that Defendant obtained information about him in violation of the statute.

D. <u>Defendants' Acquisition of Mr. Poinsignon's Consumer Reports</u>

Each of the four claims requires some type of report to be prepared.

- Claim 1 (FCRA): A § 1681b(b) claim requires that a "consumer report" was procured. A "consumer report" is "any . . . communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living . . . ." 15 U.S.C. § 1681a(d)(1).

- Claim 2 (FCRA): A § 1681d claim requires that an "investigative consumer report" was procured. An "investigative consumer report" is "a consumer report in which the information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer . . . or with others with whom he is acquainted or who may have knowledge concerning any such items of information." 15 U.S.C. § 1681a(e).

- Claim 3 (ICRAA): A claim under California Civil Code § 1786.16(a)(2) requires than an "investigative consumer report" was procured. Such a report is "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means." Cal. Civ. Code § 1786.2(c).

---

[4] Plaintiff argues, without citation to legal authority, that Defendant's mere possession of ill-gotten information with the invalid form is an ongoing harm that supports standing. Defendant did not directly address this argument. The Court declines to reach the issue at this time because Plaintiff has not adequately alleged that Defendant possesses such information.

- Claim 4 (CCRAA): A claim under California Civil Code § 1785.20.5(a) requires procurement of a "consumer credit report," defined as: "any . . . communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity . . . ." Cal. Civ. Code § 1785.3(c).

Though Mr. Poinsignon alleges that Defendants procured consumer reports, investigative consumer reports, and credit reports, Defendants argue that these allegations are too conclusory. Defendants contend that this problem is most significant for Claims 2 and 3. These claims require the preparation of an "investigative consumer report." Claim 2 uses the FCRA definition, which requires information obtained by "personal interviews," *see* 15 U.S.C. § 1681a(e), while Claim 3 uses the ICRAA definition, which requires a report on certain categories of personal information. *See* Cal. Civ. Code. § 1786.2(c). Defendants point out that the Complaint does not allege that personal interviews were conducted or that Defendants acquired reports concerning the ICRAA categories of information. Mot. at 9 (citing *Cunha*, 254 F. Supp. 3d 1124). Although the Complaint does allege that Defendants obtained investigative reports "as defined by" the relevant statutory provisions, *see* Compl. ¶¶ 31, 62, it does not allege any specific facts to state a plausible claim. It merely alleges:

- "DEFENDANTS routinely acquire consumer, investigative consumer and/or consumer credit reports (referred to collectively as "credit and background reports") to conduct background checks on PLAINTIFF . . . ." Compl. ¶ 2.
- "As described above, PLAINTIFF alleges, on information and belief, that in evaluating her and other class members for employment, DEFENDANTS procured or caused to be prepared credit and background reports (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681a(e))." Compl. ¶ 31.
- "DEFENDANTS procured investigative consumer reports or caused investigative consumer reports to be procured for PLAINTIFF and class members, as described above, without informing class members of their rights to request a written summary of their rights under the FCRA." Compl. ¶ 39.
- "As described above, PLAINTIFF alleges that in evaluating her and other class members for employment, DEFENDANTS procured or caused to be prepared investigative consumer report[s] (e.g. background checks), as defined by Cal. Civ. Code § 1786.2(c)." Compl. ¶ 62.
- "DEFENDANTS procured background checks or caused background checks to be procured for PLAINTIFF and class members without first providing a written disclosure in compliance with § 1786.16(a)(2)(B) of the ICRAA, as described above." Compl. ¶ 66.

9

- "As described above, PLAINTIFF alleges that in evaluating her and other class members for employment, DEFENDANTS procured or caused to be prepared consumer reports (e.g. credit reports), a defined by Cal. Civ. Code § 1785.3(c)." Compl. ¶ 76.
- "DEFENDANTS procured credit reports or caused credit reports to be procured for PLAINTIFF and class members without first providing a written notice in compliance with § 1785.20.5(a) of the CCRAA, as described above." Compl. ¶ 78.
- "DEFENDANTS have violated Federal and California laws through their policies and practices of, *inter alia*, routinely acquiring consumer, investigative consumer and/or consumer credit reports . . . to conduct background checks on PLAINTIFF and other prospective, current and former employees . . . ." Compl. ¶ 90.

This is insufficient. *See Cunha*, 254 F. Supp. 3d at 1129. It fails to satisfy Rule 8. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). The Court therefore **DISMISSES WITHOUT PREJUDICE** all four claims for failure to allege facts regarding Defendants' procurement of the subject reporting.

## IV. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** Claim 1 insofar as it alleges a negligent violation of the FCRA. The Court **DISMISSES** Claim 3's class allegations under the ICRAA. The Court **DISMISSES** claims as to injunctive relief under the FCRA and ICRAA. These dismissals are with prejudice in view of Plaintiff's admission he suffered no actual damages. All remaining claims, including for injunctive relief under CCRAA, are **DISMISSED WITHOUT PREJUDICE** for failure to sufficiently allege that Defendants procured the various necessary reports. Plaintiff may amend, should he so choose, to show a risk of future harm to support injunctive relief. Plaintiff shall have thirty (30) days to file an amended complaint.

This order disposes of Docket No. 14.

**IT IS SO ORDERED**.

Dated: April 9, 2018

_____
EDWARD M. CHEN
United States District Judge