1   Shaun Setareh (SBN 204514)
        shaun@setarehlaw.com
2   H. Scott Leviant (SBN 200834)
        scott@setarehlaw.com
3   **SETAREH LAW GROUP**
    9454 Wilshire Boulevard, Suite 907
4   Beverly Hills, California  90212
    Telephone:      (310) 888-7771
5   Facsimile:      (310) 888-0109

6   Attorneys for Plaintiff
    JULIEN POINSIGNON

7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11  JULIEN POINSIGNON, on behalf of himself,        Case No.: 3:17-cv-05653-EMC
    all others similarly situated,
12                                                   CLASS ACTION
           *Plaintiff,*
13
                                                     **SUPPLEMENTAL DECLARATION OF H.**
14         vs.                                       **SCOTT LEVIANT IN SUPPORT OF**
                                                     **PLAINTIFF'S MOTION FOR**
15  IMPERVA, INC., a Delaware corporation; and       **PRELIMINARY APPROVAL OF CLASS**
    DOES 1 through 100, inclusive,                   **ACTION SETTLEMENT AND**
16                                                   **CERTIFICATION OF SETTLEMENT**
           *Defendants.*                             **CLASS**
17
                                                     [ATTACHING EXECUTED SETTLEMENT
18                                                   AGREEMENT]

19                                                   Date:       August 16, 2018
                                                     Time:       1:30 p.m.
20                                                   Place.:     Courtroom 5
                                                     Judge:      Hon. Edward M. Chen
21

22

23

24

25

26

27

28

SUPPLEMENTAL DECLARATION OF H. SCOTT LEVIANT

I, H. Scott Leviant, declare as follows:

1.      I am admitted, in good standing, to practice as an attorney in the State of California, the United States Supreme Court, the Eighth Circuit Court of Appeals, the Ninth Circuit Court of Appeals, and the United States District Courts for the Central, Eastern, Northern and Southern Districts of California.  I have never been subject to discipline by the State Bar of California.  I am a fully qualified, adult resident of the State of California, and, if called as a witness herein, I would testify truthfully to the matters set forth herein.  All of the matters set forth herein are within my personal knowledge, except those matters that are stated to be upon information and belief.  As to such matters, I believe them to be true.

2.      I am employed as a Senior Associate at the law firm of Setareh Law Group, LLP. My business address is 9454 Wilshire Blvd., Suite 907, Beverly Hills, California 91212 and my business telephone number is (310) 888-7771.  I am counsel for Plaintiff.

3.      This Supplemental Declaration is submitted in support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class.


EXHIBITS

4.      A true and correct copy of the fully executed CLASS ACTION SETTLEMENT AGREEMENT is attached hereto as Exhibit "1."  The Exhibits to the agreement are attached thereto.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed this 31st day of July 2018, at Beverly Hills, California.


H. Scott Leviant, "Declarant"

# EXHIBIT 1

## CLASS ACTION SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (hereinafter "Agreement") is entered into and effective upon its execution by all parties hereto.  It is entered into by and between Julien Poinsignon ("Plaintiff") on his own behalf and on behalf of all members of the "Plaintiff Class," as defined in paragraph 5(a) below and as ultimately certified as part of the Court's (as defined below) approval of this Agreement, on the one hand, and Imperva, Inc. ("Defendant"), on the other hand (Plaintiff and Defendant are collectively referenced to as the "Parties," with reference to the recitals and provisions set forth below.

## RECITALS

A.      Plaintiff and Defendant are parties to *Julien Poinsignon v. Imperva, Inc.*, Case No. 3:17-cv-05653-EMC (the "Lawsuit") pending in the U.S. District Court for the Northern District of California (the "Court").

B.      The operative complaint in the Lawsuit is the First Amended Complaint (the "Complaint"), which alleges violations of  15 U.S.C. §§ 1681b(b)(2)(A) (the FCRA).  Defendant denies each and every such allegation of this Complaint.

C.       The Lawsuit has been litigated before the Honorable Edward M. Chen, United States District Judge.

D.      Plaintiff and the proposed Plaintiff Class are represented in the Lawsuit by the following firm:  **Setareh Law Group**.

E.      Defendant is represented in the Lawsuit by:  **Fenwick & West LLP**.

F.      The parties hereto have researched and briefed the legal and factual issues relating to the claims and defenses of the Lawsuit, including all the claims contained in the Complaint and the claims dismissed by earlier order of the Court.

G.      The parties hereto prepared for and engaged in formal mediation on June 4, 2018.  The mediation was presided over by an experienced mediator, Michael Dickstein, an attorney from San Francisco, California who specializes in mediations of FCRA and other employment class actions throughout the state.

H.      The mutual costs, risks, and hazards of continuing to prosecute and defend the Lawsuit have led the parties hereto to resolve the Lawsuit by way of settlement.

I.      Defendant has denied and continues to deny each of the claims and contentions alleged in the Complaint.  Neither this Agreement, nor any document referred to or contemplated herein, nor any action taken to carry out this Agreement, is or may be construed or used in the Lawsuit or in any other action or proceeding as an admission, concession or indication by or against Defendant of any fault, wrongdoing of liability whatsoever.

J.      It is the intention of the parties to this Agreement to compromise, settle and dispose of, fully and completely, any and all claims, demands and causes of action that are, or could have been, set forth in the Lawsuit.

## PROVISIONS

**1.      COOPERATION BY THE PARTIES**

The parties to this Agreement and their counsel agree to cooperate fully with each other to promptly execute all documents and take all steps necessary to effectuate the terms and conditions of this Agreement.

**2.      APPOINTMENT OF ADMINISTRATOR**

The parties will stipulate to and seek the Court's order appointing Simpluris, Inc. to act as the settlement administrator (the "Administrator") for purposes of this settlement.  The Administrator shall be responsible for, among other matters:

(a)      Mailing of notice of settlement to members of the Plaintiff Class and receiving Request for Exclusion Forms.

(b)      Determining the amount of the settlement award to each member of the Plaintiff Class, pursuant to the formula set forth in paragraph 9 below, and the Administrator's calculations in this regard shall be final, binding, and non-appealable.

(c)      Resolving any disputes regarding membership in the Plaintiff Class as provided for in paragraph 10 of this Agreement.

(d)      Issuing the individual settlement awards.

**3.      APPOINTMENT OF REPRESENTATIVE PLAINTIFF AND CLASS COUNSEL**

For the purpose of the settlement of the Lawsuit only, Plaintiff shall request the Court to appoint him as a representative of the Plaintiff Class ("Class Representative"), and to appoint Plaintiff's Counsel as "Class Counsel."  Defendant shall not oppose Plaintiff's request.  In the event that this settlement does not receive final approval from the Court (or if a final approval order is reversed on appeal), no party shall use the foregoing provision of this Agreement or the appointment of a Class Representative and/or Class Counsel pursuant to this Agreement for any purpose whatsoever in the Lawsuit or in any other action or proceeding.

**4.      CLASS PERIOD**

The class period will be from August 25, 2012 to November 3, 2017 ("Class Period").

5.      **DEFINITION OF PLAINTIFF CLASS**

(a)      Class Definition

For purposes of this settlement only, the parties agree that the "Plaintiff Class" is defined as follows:

> All applicants for employment, employees or other agents of Defendant in the United States who were subject to any background, credit, consumer, or investigatory check or report during the Class Period.

(b)      Certification of the Plaintiff Class

The parties stipulate to class certification for purposes of settlement only.  Defendant contends that the facts do not justify class certification under the governing legal standards.  The Court has not ruled on class certification in this Lawsuit.  Consequently, a "Settlement Class" has been established for purposes of administration and resolution of this matter only.  It is not, and it should not be construed as, an admission of fact or law in this matter or any other matter that class certification is appropriate.  If the Court does not grant either preliminary or final approval of the settlement contemplated in this Agreement (or if a final approval order is reversed on appeal), then the parties revert to their previous positions and Defendant will not stipulate to class certification.  Defendant will have an opportunity under such circumstances to file an opposition to Plaintiff's motion for class certification, and no party shall use the foregoing provision or the certification of the Plaintiff Class, the appointment of Plaintiff as Class Representative, or the appointment of Plaintiff's Counsel as Class Counsel pursuant to this Agreement for any purpose whatsoever in this Lawsuit or in any other action or proceeding.

(c)      Members' Right to Exclude Themselves From the Plaintiff Class

Members of the Plaintiff Class may exclude themselves from the Plaintiff Class and from participation in the proceeds of the settlement by completing the Request for Exclusion Form (in substantially the same form as attached to this Agreement as Exhibit "B") and returning it to the Administrator postmarked no later than sixty (60) days after the Notice of Settlement is first mailed to members of the Plaintiff Class as set forth hereinafter, except that those members of the Plaintiff Class who receive the Notice of Settlement pursuant to the one skip trace (described in paragraph 8(b) of this Agreement) shall be informed (via an insert in the Notice) that their time to submit a Request for Exclusion Form to the Administrator shall be the latter of thirty (30) days from the date the Notice of Settlement is mailed to the updated address obtained as a result of the skip trace or sixty (60) days after the Notice of Settlement is first mailed.  Any member of the Plaintiff Class who does not provide the Administrator with a timely Request for Exclusion form shall be bound by all the terms and conditions of this Agreement, including the release of identified claims set forth hereinafter.

(d)      Defendant's Right to Void Settlement Due to Number of Opt Outs

**Class Action Settlement Agreement**
**Page 3**

If the number of persons that submit Request for Exclusion Forms to the Administrator on a timely basis is in excess of five (5) percent of the Plaintiff Class, Defendant shall have the right, at its sole discretion, exercisable within thirty (30) days of its receipt of the total number of timely submitted Request for Exclusion Forms, to void this Agreement and the parties' settlement by notifying Plaintiff of its intention to do so.  The Agreement and the Parties' settlement shall become void seven (7) days after Defendant exercises such right unless, during that period, the Parties agree to a mutually acceptable resolution and thereafter the Court approves such resolution.

## 6.    CONSIDERATION BY DEFENDANT

In consideration for the releases and dismissals set forth in this Agreement, Defendant agrees to (1) the payment to members of the Plaintiff Class pursuant to the payment procedure as described in paragraphs 9 and 10 herein; (2) the payment of an enhancement award to Plaintiff as set forth herein and to the extent awarded by the Court; (3) the payment of attorneys' fees and costs as set forth herein and as awarded by the Court; and (4) the payment of the cost of administration of the settlement, including, without limitation, all fees of the Administrator, as set forth hereinafter.

(a)     "Maximum Settlement Amount" to be Paid by Defendant

The "Maximum Settlement Amount" to be paid by Defendant is the total sum of One Hundred Eighty Eight Thousand Dollars ($188,000).  The payment by Defendant shall be "all inclusive," including:  any relief associated with or related to the claims asserted in the Lawsuit, including, but not limited to, any and all claims under 15 U.S.C. §§ 1681b(b)(2)(A), 1681d(a)(1), and 1681g(c) of the Fair Credit Reporting Act, any analogous state law claims, including but not limited to any and all claims under Cal. Civ. Code §§ 1785 *et seq.* and 1786 *et seq.*, and any and all claims under Cal. Bus. & Prof. Code §§ 17200, *et seq.*, or that relate to or arise out of the procurement by Defendant or its agents of any credit, consumer, investigatory, or background report; interest, attorneys' fees, costs, and expenses, as approved by the Court; all of the fees, costs and expenses of the Administrator in connection with the settlement and administration thereof including any fees, costs, and expenses in connection with the notice and exclusion process; settlement payments; enhancement award to Plaintiff, as approved by the Court; and all other settlement related payments and costs.

(1)     Under no condition will Defendant's liability for payments exceed the Maximum Settlement Amount, and Defendant's sole monetary obligations under this Agreement shall be the Maximum Settlement Amount.

(2)     At no time shall Defendant have the obligation to segregate the funds comprising the Maximum Settlement Amount, and Defendant shall retain exclusive authority over, and the responsibility for, those funds.

(b)     Attorneys' Fees and Costs

Defendant understands that Class Counsel will file an application for an award of attorneys' fees in an amount not to exceed 33.33% of the Maximum Settlement Amount, and shall also seek reimbursement of costs and expenses in an amount not to exceed $10,000. Defendant agrees not to object to such application. Any such attorneys' fees and costs approved by the Court shall be paid from the Maximum Settlement Amount. In the event that this settlement does not receive final approval from the Court (or if a final approval order is reversed on appeal), no party shall use the foregoing provision or the award of attorneys' fees and costs for any purpose whatsoever in the Lawsuit or in any other action or proceeding.

    (c)    <u>Enhancement Award</u>

Class Counsel will file an application for approval of an enhancement award to Plaintiff in an amount not to exceed $5,000. Defendant agrees not to object to such application. Any such enhancement award approved by the Court shall be paid from the Maximum Settlement Amount.

    (d)    <u>Settlement Administration Fees and Costs</u>

The fees and costs of the Administrator are part of, and will be deducted from, the Maximum Settlement Amount. Payment of the Court-approved settlement administration fees and costs will be made 14 days after the Effective Date (as defined below in paragraph 16(a)).

**7.      FILING OF MOTION TO CERTIFY PLAINTIFF CLASS**

Plaintiff shall request the Court to certify the Plaintiff Class, as defined herein, for purposes of settling the Lawsuit. Defendant does not consent to, and does not advocate for, but shall not oppose, the certification of the Plaintiff Class for settlement purposes only. In the event that this settlement does not receive final approval from the Court (or if a final approval order is reversed on appeal), no party shall use the foregoing provision or the certification of the Plaintiff Class for any purpose whatsoever in the Lawsuit or any other action or proceeding.

**8.      NOTICE OF SETTLEMENT**

    (a)    <u>Notice of Settlement</u>

The parties agree that within thirty (30) calendar days of execution of the Court's order granting preliminary approval, Defendant will provide the members of the Plaintiff Class' information to the Administrator. Within thirty (30) calendar days thereafter, the Administrator will provide members of the Plaintiff Class, via first class United States Mail, at their last known address, the Court-approved notice of the terms and conditions of this settlement in a form of a "Notice" agreed upon by the parties, approved by the Court, and in substantially the same form as Exhibit "A" attached hereto. The Notice shall be accompanied by a "Request for Exclusion Form" approved by the Court, in substantially the same form as Exhibit "B" attached hereto. Exhibits "A" and "B" shall hereinafter be collectively referred to as the "Notice Package."

Members of the Plaintiff Class will have sixty (60) calendar days from mailing of the notice in which to postmark the Exclusion Forms.

The Notice shall provide members of the Plaintiff Class with the following information:

(1)     the terms of settlement;

(2)     that members of the Plaintiff Class shall have until the sixtieth (60th) day after mailing of the Notice (the "Submission Date") to mail a Request for Exclusion and/or an Objection, or a copy thereof, via first class United States Mail to the Administrator; and

(3)     the name and address of the Administrator to which the Request for Exclusion must be returned.

(b)     <u>Mailing of Notice</u>

The Administrator shall send the Notice and Request for Exclusion Form to all members of the Plaintiff Class via first class U.S. Mail and e-mail.  Before the first mailing, the Administrator will perform a National Change of Address ("NCOA") search.  The Administrator shall perform one skip trace and remailing as to any Notices (and accompanying documents) that are returned by the post office for invalid addresses within five (5) days of its receipt of such returned Notice.  Those members of the Plaintiff Class who receive Notice pursuant to the one skip trace shall be informed (via an insert in the Notice) that his or her time to submit a Request for Exclusion Form to the Administrator shall be the later of (i) thirty (30) days from the date Notice is mailed to the updated address, or (ii) the Submission Date.  The Administrator shall notify Class Counsel and Defendant's counsel of the identity of all members of the Plaintiff Class who were sent the Notice as a result of a skip trace and whose Notice was again returned. The Administrator shall provide such notification within seven (7) days of its receipt of such returned Notice.

(c)     <u>Report by Administrator</u>

No later than forty (40) calendar days after the Administrator first mails the Notice Package, the Administrator shall provide the parties with a declaration to be filed with the Court (the "Notice Declaration") setting forth the steps taken by the Administrator to provide notice to members of the Plaintiff Class.

**9.      PAYMENT TO MEMBERS OF THE PLAINTIFF CLASS**

(a)     <u>Administrator's Role</u>

The Administrator will calculate the amounts to be paid to the Plaintiff Class as provided below.

(b)     Potential Gross Individual Settlement Proceeds

The "Potential Gross Individual Settlement Proceeds" shall equal the Maximum Settlement Amount minus the total of (i) Court-approved attorneys' fees; (ii) Court-approved reimbursement of costs and expenses; (iii) Court-approved enhancement award to Plaintiff; and (iv) all fees, costs, and expenses of the Administrator in connection with the settlement and its administration including, without limitation, those connected with providing notice to the members of the Plaintiff Class and making settlement distributions to members of the Plaintiff Class.

(c)     Individual Settlement Award

Each member of the Plaintiff Class shall receive a pro-rata payment (the "Individual Settlement Award") of the Potential Gross Individual Settlement Proceeds.

(d)     Tax Liability and Net Payments

Except as otherwise set forth above, each party and the members of the Plaintiff Class will be responsible for its own tax obligations.  The Plaintiff Class shall be responsible for remitting to State and/or Federal taxing authorities any applicable taxes due and shall hold Defendant harmless and indemnify it for any liabilities, costs and expenses, including attorneys' fees, assessed or caused by any such taxing authority relating in any way to the tax treatment of the payments made pursuant to this Agreement.

(e)     Payment of Settlement Funds Will Not Be Considered by Defendant as Having Any Effect on Any Employee Benefit Plan and Similar Plans

The payment to any member of the Plaintiff Class as provided for in this Agreement is not and shall not be deemed by Defendant to constitute an addition to, a modification of, or a change in any previously credited hours of service, compensation and/or wages under any employee benefit plan, employment policy, or stock option plan of or sponsored by Defendant or any of its present or former parent corporations or affiliates or any jointly trusteed benefit plans. Any such payment to any member of the Plaintiff Class shall not be considered by Defendant to form the basis for additional contributions to, additional benefits under, or any other additional entitlements under any employee benefit plan, employment policy, or stock option plan of or sponsored by Defendant or any of its present or former parent corporations or affiliates or any jointly trusteed benefit plans.  Defendant and each of its present or former parent corporations or affiliates retain the right to modify and/or amend the language of their employee benefit plans, employment policies, and stock option plans, and to seek to have modified and/or amended the language of any jointly trusteed benefit plans, to make clear that any amounts paid as a result of this Agreement are not considered by Defendant as compensation or wages, or payments for "hours worked," as defined by the applicable plans and policies, and that no additional contributions or benefits will be provided by Defendant by reason of the settlement.  Plaintiff takes no position on the issues in this section.

**Class Action Settlement Agreement**
**Page 7**

(f)     Applicability of Section 384 of the California Code of Civil Procedure

The parties agree that this settlement is not subject to Section 384 of the California Code of Civil Procedure, nor any state or federal law mandating the distribution of unpaid residuals.

## 10.    ADMINISTRATION OF MAXIMUM SETTLEMENT AMOUNT

(a)     The Administrator will calculate the payments to be made to the Plaintiff Class from the Potential Gross Individual Settlement Proceeds in accordance with the terms and provisions of this Agreement.  Defendant's data will be presumed to be correct and any class member who disputes such data will be required to produce objective evidence to rebut such presumption.  Class Counsel will be provided access to all calculations and all data forming the basis for such determinations.  The fees, costs, and expenses of the Administrator in connection with said verification and/or performance shall be considered settlement administration expenses and shall be paid from the Maximum Settlement Amount.  In the event that the Administrator actually prints, issues and/or mails settlement payments, all of the fees, costs and expenses of the Administrator in connection therewith shall be considered settlement administration expenses and shall be paid from the Maximum Settlement Amount.  The Court shall retain jurisdiction over the correctness of such calculations and the amount of payments due, and the parties shall submit any disagreements regarding these issues to the Court for determination.

(b)     No person shall have any claim against Defendant, Defendant's counsel, Plaintiff, the Plaintiff Class, Class Counsel or the Administrator based on distributions and payments made in accordance with this Agreement.

## 11.    COURT PRELIMINARY APPROVAL

The parties shall jointly seek preliminary approval of this settlement by the Court for entry of a Preliminary Approval Order in substantially the same form as Exhibit "C" attached hereto.  In lieu of filing a Joint Motion, the parties may agree that Plaintiff shall move for Preliminary Approval and Defendant shall state its non-opposition thereto.  As part of the preliminary approval process, the Court shall be asked to approve, among other matters, the terms of the settlement, the Notice, the method of providing notice, the Request for Exclusion Form, and the procedure for the calculation of settlement distributions.

## 12.    FINAL APPROVAL HEARING

The Notice shall contain a date, time and location for a "Final Approval Hearing."  The Final Approval Hearing shall be held on a date approved by the Court no earlier than ten (10) calendar days after the last day for Defendant to exercise its right to void this Agreement, as provided for in paragraph 22 hereof.  The exact date, time and location of the Final Approval Hearing shall be set forth in the Notice.  At the Final Approval Hearing, Class Counsel shall request the Court to grant final approval of the applications for attorneys' fees, costs, and enhancement award payment referred to in paragraphs 6(b) and 6(c) of this Agreement.

## 13.    PROCEDURE FOR OBJECTIONS TO SETTLEMENT

The Notice shall provide that members of the Plaintiff Class who wish to object to the settlement must file with the Court and serve on Class Counsel and Defendant's counsel a written statement objecting to the settlement.  Such written statement must be filed with the Court and served on Class Counsel and Defendant's counsel no later than sixty (60) days after the Notice is first mailed (the "Objection Deadline Date"), even as to those members of the Plaintiff Class who receive Notice pursuant to a subsequent skip trace.  No member of the Plaintiff Class shall be entitled to object to the settlement, and no written objections or briefs submitted by any member of the Plaintiff Class shall be received or considered by the Court at the Final Approval Hearing, unless copies of any written objections or briefs shall have been filed with the Court and served on Class counsel and Defendant's counsel on or before the Objection Deadline Date.  Members of the Plaintiff Class who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the settlement, or any aspect of the settlement.

## 14.    [PROPOSED] FINAL APPROVAL ORDER, FINAL JUDGMENT AND ORDER OF DISMISSAL

Upon final approval of the settlement, the Court shall be requested to issue a [Proposed] Final Approval Order and Final Judgment ("Proposed Final Judgment") containing substantially the same substance as Exhibits "D" and "E" attached hereto, respectively, which shall, *inter alia*:

(a)    Grant final approval to the settlement as fair, reasonable, adequate, in good faith and in the best interests of the Plaintiff Class, as a whole, and order the parties to carry out the provisions of this Agreement;

(b)    Dismiss with prejudice all actions, complaints and claims and any lawsuit as against Defendant and/or the Released Parties (as that term is defined below), including the Lawsuit, arising out of or related to any of the actions or events complained of in the Complaint;

(c)    Adjudge that members of the Plaintiff Class are conclusively deemed to have released Defendant and the Released Parties of and from any and all rights, claims, demands, liabilities, causes of action, liens and judgments arising out of or in any way related to the matters set forth, or that could have been set forth, in the Complaint in relation to the alleged claims relating to the release of the Plaintiff Class.

(d)    Bar and permanently enjoin each member of the Plaintiff Class from prosecuting against Defendant and the Released Parties any and all of the settled and released claims which the members of the Plaintiff Class or any of them had, have or may have in the future, arising out of, based upon, or otherwise related to any of the settled and released claims, or any of the allegations contained in the Complaint, and

(e)    Reserve continuing jurisdiction as provided herein above.

## 15.    APPROVAL AND ADOPTION OF [PROPOSED] FINAL JUDGMENT BY COURT AND FINAL JUDGMENT

The parties shall jointly seek final approval and adoption of this settlement from the Court for entry of the [Proposed] Final Judgment and Final Approval Order.  As set forth in paragraphs 6(b) and 6(c), Defendant agrees not to object to Class Counsel's application for an Attorneys' fee Order and for an Enhancement Award Order.

## 16.    PAYMENT OF SETTLEMENT PROCEEDS

(a)    <u>Timing of Payments to the Plaintiff Class</u>

If no appeal is filed, the "Effective Date" for payment by Defendant will be ten (10) business days after expiration of the appeals period whether or not any objections to the settlement have been filed.  If any appeal is filed, then the "Effective Date" shall be ten (10) business days after the final resolution of all such appeals (affirming the settlement).

(b)    <u>Timing of Payments to Class Counsel</u>

Payments shall be made to Class Counsel for Court-approved attorneys' fees, costs and expenses no later than ten (10) business days after the Effective Date.

(c)    <u>Method of Payment</u>

Defendant will pay the aggregate amount of the individual settlement payments assessed by the Administrator to the Administrator who will then issue checks to each member of the Plaintiff Class, with the exception of any Plaintiff Class member whose notices were returned undeliverable.  The expiration date on the settlement checks will be ninety (90) calendar days from the date the settlement checks are issued.  The Administrator will issue the settlement checks via any method that provides delivery confirmation due to the average size of the checks to this Class.  The proceeds from any uncashed settlement checks, and any Individual Settlement Award for any Class Member who cannot be located, will be paid as *cy pres* to Legal Aid at Work, a California employment law public interest firm, or to another organization later selected by the parties if the Court declines to approve the *cy pres* organization selected by the parties.

## 17.    COSTS

Defendant shall bear its own costs, expenses, and attorneys' fees incurred in connection with or arising out of the Lawsuit.  Class Counsel's attorneys' fees and costs, as approved by the Court, shall be paid from the Maximum Settlement Amount up to the total of $10,000.  Class Counsel shall otherwise bear its own costs and expenses.

## 18.    RELEASE BY ALL MEMBERS OF PLAINTIFF CLASS

As of the Effective Date, the members of the Plaintiff Class, including Plaintiff, release Defendant and each of its respective past, present and future owners, parent corporations, related or affiliate companies, subsidiaries, officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, attorneys, auditors, consultants, insurers and re-insurers, and their respective successors and predecessors in interest, each of their company-sponsored employee benefit plans of any nature (including, without limitation, profit-sharing plans, pension plans, 401(k) plans, and severance plans) and all of their respective officers, directors, employees, administrators, fiduciaries, trustees and agents, and any individual or entity which could be jointly liable with Defendant (the "Released Parties") from the "Released Claims," as defined below.

(a)      Released Claims

For purposes of this Agreement, the "Released Claims" in the Lawsuit are defined as: All claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, whether known or unknown, that were or could have been asserted in the Lawsuit, including but not limited to any and all claims under 15 U.S.C. §§ 1681b(b)(2)(A), 1681d(a)(1), and 1681g(c) of the Fair Credit Reporting Act, any analogous state law claims, including but not limited to any and all claims under Cal. Civ. Code §§ 1785 *et seq.* and 1786 *et seq.*, and any and all claims under Cal. Bus. & Prof. Code §§ 17200, *et seq.*, or that relate to or arise out of the procurement by Defendant Imperva, Inc. or its agents of any credit, consumer, investigatory, or background report. This release explicitly includes claims for actual damages, statutory damages, and punitive damages, as well as for attorneys' fees and costs. The parties agree that the payments made hereunder are meant to compensate the Plaintiff Class for all harms incurred as a result of these released claims and the allegations set forth in the Complaint and the First Amended Complaint in the Lawsuit. For the sake of clarity, this Release does not extend to the claims asserted in *Julien Poinsignon v. Imperva, Inc.*, Santa Clara Superior Court Case No. 17CIV03881, which will be subject to a separate settlement agreement.

(b)      California Civil Code Section 1542 Waiver

With respect to the Released Claims only, the members of the Plaintiff Class stipulate and agree that, upon the Effective Date, the members of the Plaintiff Class shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law that purports to limit the scope of a general release.  Section 1542 provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

**19.     WAIVER OF RIGHTS**

(a)     The Parties hereto, including the Plaintiff Class, stipulate and agree that the consideration paid to the members of the Plaintiff Class pursuant to this Agreement compensates the Plaintiff Class for all liability for any alleged compensation or reimbursement they may be entitled to as a result of the claims asserted in the Lawsuit, and, therefore, Defendant is not liable for any further penalties pursuant to PAGA.

(b)     By granting preliminary and final approval of the settlement, the Court will have reviewed this Agreement and concluded that the members of the Plaintiff Class have been adequately compensated for the violations alleged in the Complaint and remedies to which they otherwise may be entitled.

## 20.     NO ADMISSION BY THE PARTIES

Defendant and the Released Parties deny any and all claims alleged in the Lawsuit and in the Complaint and deny all wrongdoing whatsoever.  Defendant continues to assert that the members of the Plaintiff Class have been afforded all rights in accordance with the law.  This Agreement is neither a concession nor an admission, and shall not be used against Defendant or any of the Released Parties as an admission or indication with respect to any claim of any fault, concession or omission by Defendant or any of the Released Parties.  Whether or not the settlement is finally approved, neither the settlement, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall in any event be:

(a)     construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Released Parties, including, but not limited to, evidence of a presumption, concession, indication or admission by any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or

(b)     disclosed, referred to or offered or received in evidence against any of the Released Parties in any further proceeding in the Lawsuit, or any other civil, criminal or administrative action or proceeding, except for purposes of settling the Lawsuit pursuant to this Agreement.

## 21.     NO PUBLICITY; CONFIDENTIALITY

(a)     Plaintiff, Defendant, Class Counsel, and Defendant's counsel shall not (i) initiate or cause the initiation of any communications concerning the settlement with any media organization and/or (ii) respond to or cause a response to be made to any communications concerning the settlement with any media organization.  As used in this paragraph, "media organization" shall include, without limitation, print, broadcast, television, satellite, and internet media.

(b)     The parties agree that if they are contacted by a media organization then they will only state that this matter has settled.

(c)      Class Counsel will take all steps necessary to ensure that Plaintiff is aware of, and will adhere to, the restriction against any media comment on the settlement and its terms.

(d)      Plaintiff agrees to execute a separate confidentiality agreement and general release of all claims.

## 22.    NULLIFICATION OF AGREEMENT

In the event: (i) the Court does not enter the Preliminary Approval Order specified herein in substantially the same form as Exhibit "C" attached hereto; (ii) the Court does not finally approve the settlement as provided herein; (iii) the Court does not issue a [Proposed] Final Judgment (consistent with the terms of this Agreement or as the Parties jointly approve by subsequent agreement) which becomes final and not subject to any appeals; or (iv) the settlement does not become final for any other reason, this Agreement shall be null and void and any order or judgment entered by the Court in furtherance of this settlement shall be treated as void *ab initio*.  In such event, the Parties hereto and any funds to be awarded under this settlement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and the parties shall proceed in all respects as if this Agreement had not been executed.

## 23.    REPRESENTATIONS AND WARRANTIES

Each Party to this Agreement represents and warrants that he, she or it has not heretofore assigned or transferred, or purported to assign or transfer, any of the claims released pursuant to this Agreement to any other person and that he, she or it is fully entitled to compromise and settle same.

## 24.    CALIFORNIA LAW

All questions with respect to the construction of this Agreement and the rights and liabilities of the parties hereto shall be governed by the laws of the State of California applicable to agreements to be wholly performed within the State of California.

## 25.    OWN COUNSEL

Each Party hereto acknowledges that he, she or it has been represented by counsel of his, her or its own choice throughout all of the negotiations which preceded the execution of this Agreement and in connection with the preparation and execution of this Agreement.

## 26.    FURTHER ACTS AND DOCUMENTS

The Parties hereto agree to do such acts and execute all such documents necessary to effectuate the intent of this Agreement.

## 27.    COUNTERPARTS

The Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

## 28.   HEADINGS

The headings contained in this Agreement are for reference only and are not to be construed in any way as a part of the Agreement.

## 29.   ENTIRE AGREEMENT

This Agreement represents the entire agreement between the parties hereto with respect to the subject matter hereof and supersedes all prior oral and written agreements and discussions. Each of the Parties covenants that he, she or it has not entered into this Agreement a result of any representation, agreement, inducement, or coercion, except to the extent specifically provided herein.  Each Party further covenants that the consideration recited herein is the only consideration for entering into this Agreement and that no promises or representations of another or further consideration have been made by any person.  This Agreement may be amended only by an agreement in writing duly executed by all parties hereto.

## 30.   BINDING EFFECT

This Agreement shall be binding upon and inure to the benefit of the Parties hereto and to their respective heirs, assigns and successors-in-interest.

## 31.   DRAFTING

Each Party hereto has cooperated in the drafting and preparation of this Agreement. Hence, in any construction to be made of this Agreement, the same shall not be construed against any party as drafter of this Agreement.

## 32.   SEVERABILITY

In the event any covenant or other provision herein is held to be invalid, void or illegal, the same shall be deemed severed from the remainder of this Agreement and shall in no way affect, impair or invalidate any other covenant, condition or other provision herein.  If any or such covenant, condition or other provision shall be deemed valid to the extent of the scope or breadth permitted by law.

## 33.   INCORPORATION OF EXHIBITS

All exhibits attached to this Agreement are hereby incorporated by reference as though set forth fully herein and are a material part of this Agreement.  Any notice, order, judgment or other exhibit that requires approval of the Court must be approved without material alteration from its current form in order for this Agreement to become effective.  Notwithstanding this paragraph, insubstantial changes to the attached exhibits shall not invalidate the Agreement.

34.    **AUTHORITY**

Each Party hereto warrants and represents that each of the persons or entities executing this Agreement is duly empowered and authorized to do so.

35.    **WAIVER OF RIGHT TO OBJECT**

Plaintiff agrees to sign this Agreement and by signing this Agreement is bound by the terms herein stated and further agrees not to request to be excluded from the Plaintiff Class and agrees not to object to any of the terms of this Agreement.  Non-compliance with this paragraph shall be void and of no force or effect.  Any such request for exclusion or objection shall therefore be void and of no force or effect.

36.    **ADMINISTRATION OF SETTLEMENT AND COMPLIANCE**

The Court shall have continuing jurisdiction to resolve any dispute which may arise with regard to the terms and conditions of this Agreement as set forth herein.

37.    **NOTICE**

All notices, requests, demands and other communications required or permitted to be given pursuant to this Agreement (other than he Notice of Settlement to members of the Plaintiff Class) shall be in writing and shall be delivered personally, telecopied or mailed postage pre-paid by first class mail to the following persons at their addresses set forth as follows:

Plaintiff's Counsel/Class Counsel:

Shaun Setareh, Esq.
H. Scott Leviant, Esq.
**SETAREH LAW GROUP**
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California 90212
Tel. 310.888.7771
Fax 310.888.0109

Defendant's Counsel:

Laurence F. Pulgram, Esq.
**FENWICK & WEST LLP**
555 California Street
San Francisco, California 94104
Tel.  415.875.2300
Fax 415.281.1350

WHEREFORE, Plaintiff, on his own behalf and on behalf of the Plaintiff class, and Defendant, by their duly authorized agents or counsel, have executed this Agreement as of the dates set forth below.

**Plaintiff Julien Poinsignon**

Dated:  July 12, 2018

_Julien Poinsignon_
DocuSigned by:
D6951072DE00433...
_____

Julien Poinsignon, as an individual and as a representative of the Plaintiff Class

**Defendant Imperva, Inc.**

Dated:  July __, 2018

Imperva, Inc.

By _____

Nilesh Patel
VP, Corporate Controller
For Defendant Imperva, Inc.

**Approved As to Form and Content by Counsel**

Dated:  July __, 2018

SETAREH LAW GROUP

_____

Shaun Setareh, on behalf of Plaintiff Settlement Class

Dated:  July ___, 2018

FENWICK & WEST LLP

_____

Laurence F. Pulgram
FENWICK & WEST LLP
Attorneys for Defendant
Imperva, Inc.

WHEREFORE, Plaintiff, on his own behalf and on behalf of the Plaintiff class, and Defendant, by their duly authorized agents or counsel, have executed this Agreement as of the dates set forth below.

**Plaintiff Julien Poinsignon**

Dated: July ___, 2018

_____
Julien Poinsignon, as an individual
and as a representative of the
Plaintiff Class

**Defendant Imperva, Inc.**

Dated: July 7, 2018

Imperva, Inc.

By _____
Nilesh Patel
VP, Corporate Controller
For Defendant Imperva, Inc.

**Approved As to Form and Content by Counsel**

Dated: July 31, 2018

SETAREH LAW GROUP

_____
Shaun Setareh, on behalf of Plaintiff
Settlement Class

Dated: July 9, 2018

FENWICK & WEST LLP

_____
Laurence F. Pulgram
FENWICK & WEST LLP
Attorneys for Defendant
Imperva, Inc.

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

*Julien Poinsignon v. Imperva, Inc.*                     **Case Number 3:17-cv-05653-EMC**

### NOTICE OF CLASS ACTION SETTLEMENT

TO:    All applicants for employment, employees or other agents of Defendant Imperva, Inc. ("Defendant") in the United States who were subject to any background, credit, consumer, or investigatory check or report between August 25, 2012 and November 3, 2017.

On [INSERT date of Preliminary Approval Order] the Court in this action granted preliminary approval of a proposed settlement as set forth in a Class Action Settlement Agreement ("Settlement Agreement"). If the Court grants final approval of the settlement, this Lawsuit (as defined below) will end, and Defendant will be released from all claims raised in or related to the actions alleged therein including, among others, claims under the Fair Credit Reporting Act and related. The Class Representative and Class Counsel (as defined below) believe the proposed settlement is fair, adequate, and reasonable and in the best interest of the Plaintiff Class (as defined below). This Notice informs you of the proposed settlement and its terms and your rights to participate in the proposed settlement, object to its terms, or exclude yourself from the proposed settlement. This Notice also explains how you can obtain more information about the settlement.

### OVERVIEW OF YOUR RIGHTS AND OPTIONS UNDER THE SETTLEMENT

| | |
|---|---|
| **DO NOTHING AND RECEIVE A SHARE OF THE SETTLEMENT** | If you want to receive a monetary payment from the settlement, you do not have to do anything.  You will be issued your share of the settlement automatically. |
| **OPT OUT OF THE CLASS** | If you do not want to give up your right to pursue Released Claims (described below), you may opt out of the Plaintiff Class by submitting an Exclusion Form in accordance with the procedures set forth below. If you opt out of the Plaintiff Class, you will not receive any money from the settlement. To be valid, any Exclusion Form must contain all of the information required and be postmarked on or before [+60 days from mailing]. |
| **OBJECT TO THE SETTLEMENT** | If you wish to object to the settlement, you must submit a written objection in accordance with the procedures set forth below. To be valid, any objection must comply with *all* of the procedures described below and be postmarked on or before **[+60 days from mailing].** |

- **These rights and options, and how to exercise them, are explained in more detail in this notice.**

- **The Court handling this case still has to decide whether to grant final approval of the Settlement. Settlement payments will only be issued if the Court grants final approval to the Settlement and there are no appeals that change the approval.**

- **Additional information regarding the Settlement is available through the Settlement Administrator or Class Counsel, whose contact information is provided in this notice.**

### PLEASE READ THIS ENTIRE NOTICE CAREFULLY.
### YOUR RIGHTS MAY BE AFFECTED
### BY THE PROPOSED SETTLEMENT DESCRIBED IN THIS NOTICE.

## I.      SUMMARY OF THE LAWSUIT

On August 25, 2017, Plaintiff Julien Poinsignon ("Plaintiff") filed a lawsuit on behalf of all applicants for employment, employees or other agents of Defendant in the United States who were subject to any background, credit, consumer, or investigatory check or report, entitled *Julien Poinsignon v. Imperva, Inc.*, Case No. 3:17-cv-05653-EMC (the "Lawsuit") in the U.S. District Court for the Northern District of California (the "Court").

The Lawsuit seeks actual and statutory damages, and related amounts that Plaintiff contends are owed to all applicants for employment, employees or other agents of Defendant in the United States who were subject to any background, credit, consumer, or investigatory check or report between August 25, 2012 and November 3, 2017. The lawsuit asserts that Imperva failed to comply with certain statutory requirements relating to obtaining consent for such checks. During the Lawsuit, attorneys for the Plaintiff Class and attorneys for Defendant engaged in mediation with an experienced mediator, Michael Dickstein.  The parties have reached an agreement to settle this Lawsuit, subject to Court approval. The Court has not determined whether the Lawsuit could be litigated as a class action. The Court has not rendered any decisions on the merits of the Lawsuit.

The Court will conduct a settlement hearing, hear any objections to the settlement, and decide whether to finally approve the settlement and issue a Final Approval Order.

## II.     CLASS DEFINITION

The Lawsuit is being settled as a "class action." In a class action, the plaintiff, also referred to as class representative, sues on behalf of himself and other persons with allegedly similar claims.  In this Lawsuit, the settlement class ("Plaintiff Class") is defined as follows:

> All applicants for employment, employees or other agents of Defendant Imperva, Inc. ("Defendant") in the United States who were subject to any background, credit, consumer, or investigatory check or report between August 25, 2012 and November 3, 2017.

The Court has conditionally certified a class solely for purposes of settlement.  If the Court approves the settlement, the settlement will bind all members of the Plaintiff Class who have not excluded themselves from the Plaintiff Class. The Court has not determined that the Lawsuit could be litigated as a class action. If the Court does not approve this settlement, the conditional class certification for purposes of settlement will have no effect or precedential value in any subsequent proceedings in the Lawsuit or in any other litigation.

## III.    CLASS REPRESENTATIVE AND CLASS COUNSEL

The Court appointed the Plaintiff as "Class Representative" to represent the Plaintiff Class.

The Court appointed the following attorneys to represent the Plaintiff Class as "Class Counsel":

Shaun Setareh, Esq.
H. Scott Leviant, Esq.
**SETAREH LAW GROUP**
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California 90212
Tel. 310.888.7771
Fax 310.888.0109

## IV.    SETTLEMENT AMOUNT

The proposed settlement obligates Defendant to pay a potential maximum settlement amount (called the "Maximum Settlement Amount" in the Settlement Agreement) of One Hundred Eighty-Eight Thousand Dollars ($188,000). This payment is "all inclusive." It includes, but is not limited to, any relief associated with or related to the alleged violations of the Fair Credit Reporting Act, including damages, attorneys' fees, and costs associated with or related to these alleged violations and administration of the settlement.

## V.    SETTLEMENT ADMINISTRATOR

The settlement process will be administered by _____ (the "Administrator"), a company that provides settlement and claims administration services. The Court has approved _____ to act as the Administrator for purposes of this settlement. All of the costs and fees of the Administrator shall be paid out of and subtracted from the Maximum Settlement Amount.

## VI.    RELEASE AND WAIVER

If the Court approves the settlement, then upon the Effective Date of the settlement, the Class Representative and all members of the Plaintiff Class (i) shall be deemed to have agreed that, except for the obligations imposed by this settlement, Defendant shall be forever released and discharged from all Released Claims (as defined below) and (ii) shall be barred and enjoined from suing the Released Parties (as defined below) for any liability in any way related to or arising out of any Released Claim.

For purposes of this Agreement, the "Released Claims" means all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, whether known or unknown, that were or could have been asserted in the Lawsuit, including but not limited to any and all claims under 15 U.S.C. §§ 1681b(b)(2)(A), 1681d(a)(1), and 1681g(c) of the Fair Credit Reporting Act, any analogous state law claims, including but not limited to any and all claims under Cal. Civ. Code §§ 1785 *et seq*. and 1786 *et seq*., and any and all claims under Cal. Bus. & Prof. Code §§ 17200, *et seq*., or that relate to or arise out of the procurement by Defendant Imperva, Inc. or its agents of any credit, consumer, investigatory, or background report. This release explicitly includes claims for actual damages, statutory damages, and punitive damages, as well as for attorneys' fees and costs. The parties agree that the payments made hereunder are meant to compensate the Plaintiff Class for all harms incurred as a result of these released claims and the allegations set forth in the Complaint and the First Amended Complaint in the Lawsuit.  For the sake of clarity, this Release does not extend to the claims asserted in *Julien Poinsignon v. Imperva, Inc*., Santa Clara Superior Court Case No. 17CIV03881, which will be subject to a separate settlement agreement.

For purposes of the settlement, "Released Parties" means Imperva, Inc. and each of its respective past, present and future owners, stockholders, parent corporations, affiliates, subsidiaries, officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, attorneys, auditors, consultants, insurers and reinsurers, and their respective successors and predecessors in interest, and each of their company-sponsored employee benefit plans of any nature (including, without limitation, profit-sharing plans, pension plans, 401(k) plans, and severance plans) and all of their respective officers, directors, employees, administrators, fiduciaries, trustees and agents.

With respect to the Released Claims identified above, the members of the Plaintiff Class stipulate and agree that, upon the effective date of the settlement, the members of the Plaintiff Class shall be deemed to have, and by operation of the final judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law that purports to limit the scope of a general release. Section 1542 provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

## VII.   ATTORNEYS' FEES

Class Counsel have litigated this matter since August 25, 2017. It is customary for courts to award to class counsel attorneys' fees based upon a percentage of the potential maximum settlement amount for the benefit of a class. In this case, Class Counsel will request an award of 33.33% of the Maximum Settlement Amount. Class Counsel will also seek reimbursement of the costs and expenses they have incurred on behalf of the Plaintiff Class, estimated to be no more than $10,000, to be paid from the Maximum Settlement Amount.

## VIII.   ENHANCEMENT AWARDS

Class Counsel will file an application for approval of an enhancement award to Plaintiff in an amount not to exceed $5,000.  Defendant has agreed not to object to such application.  Any such enhancement award approved by the Court shall be paid from the Maximum Settlement Amount.

## IX.   CALCULATION OF PAYMENTS

All settlement administrative fees and costs, the incentive awards to the Class Representative, the attorneys' fees and costs that the Court awards to Class Counsel, and other associated expenses shall be subtracted from the Maximum Settlement Amount. The funds remaining after payment of all of these amounts are designated as the "Potential Gross Individual Settlement Proceeds," which is the amount available for distribution to Settlement Class Members.  The amount available for distribution to each member of the Plaintiff Class shall be calculated as follows:

      1.    <u>Individual Settlement Award:</u> Each member of the Plaintiff Class shall receive a pro-rata payment (the "Individual Settlement Award").  The Individual Settlement Award will be approximately between $___ and $____.

      2.    <u>Tax Liability and Net Payments:</u> Except as otherwise set forth above, each party and the members of the Plaintiff Class will be responsible for its own tax obligations.  The Plaintiff Class shall be responsible for remitting to State and/or Federal taxing authorities any applicable taxes due and shall hold Defendant harmless and indemnify it for any liabilities, costs and expenses, including attorneys' fees, assessed or caused by any such taxing authority relating in any way to the tax treatment of the payments made pursuant to this Agreement.

      3.    <u>Payment of Settlement Funds Will Be Considered By Defendant As Having No Effect on Any Employee Benefit Plan and Similar Plans:</u>

The payment to any member of the Plaintiff Class as provided for in this Agreement is not and shall not be deemed by Defendant to constitute an addition to, a modification of, or a change in any previously credited hours of service, compensation and/or wages under any employee benefit plan, employment policy, or stock option plan of or sponsored by Defendant or any of its present or former parent corporations or affiliates or any jointly trusteed benefit plans. Any such payment to any member of the Plaintiff Class shall not be considered by Defendant to form the basis for additional contributions to, additional benefits under, or any other additional entitlements under any employee benefit plan, employment policy, or stock option plan of or sponsored by Defendant or any of its present or former parent corporations or affiliates or any jointly trusteed benefit plans. Defendant and each of its present or former parent corporations or affiliates retain the right to modify and/or amend the language of their employee benefit plans, employment policies, and stock option plans, and to seek to have modified and/or amended the language of any jointly trusteed benefit plans, to make clear that any amounts paid as a result of this Agreement are not considered by Defendant as compensation or wages, or payments for "hours worked," as defined by the applicable plans and policies, and that no additional contributions or benefits will be provided by Defendant by reason of the settlement. Plaintiff takes no position on the issues in this section.

## X.    SETTLEMENT APPROVAL HEARING

A hearing (the "Settlement Approval Hearing") has been scheduled on [INSERT date of Approval] before the Court, the Honorable Edward M. Chen presiding, in the U.S. District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, at which time the Court will determine: (1) whether the proposed settlement should be approved as fair, reasonable and adequate to members of the Plaintiff Class; (2) whether the application of Class Counsel for an award of attorneys' fees and costs should be approved and in what amount; (3) whether the application for an incentive payment for Plaintiff should be approved and in what amount; and (4) whether a proposed Final Approval Order should be entered.

**<u>You Are Not Required To Attend The Settlement Approval Hearing.</u>**

You are welcome to attend the Settlement Approval Hearing, at your own expense. You may request permission to speak at the Settlement Approval Hearing from the Court. You may hire your own attorney at your own expense to speak at the Settlement Approval Hearing. The Court may, or may not, grant your request to speak and may limit the time available to speak.

## XI.    RIGHT TO BE EXCLUDED FROM THE SETTLEMENT

You may exclude yourself from the Plaintiff Class. To do so, you must complete and sign the Request for Exclusion Form and return it to the Administrator at the address set forth above in Section V of this Notice, postmarked no later than [INSERT Date]. If you request to be excluded from the settlement, you will not receive any cash payment from the settlement, and you will not release any claims.

Any member of the Plaintiff Class who does not provide the Administrator with a timely Request for Exclusion Form shall be bound by all the terms and conditions of the settlement, including, without limitation, the releases provided for in the Settlement Agreement and any Final Judgment entered by the Court.

## XII.    RIGHT TO OBJECT TO SETTLEMENT

You have the right to object to the settlement. To do so, you must file with the Court and serve on Class Counsel and Defendant's counsel (at the addresses set forth below), no later than [INSERT

Date] a written statement stating your objection to the settlement and the basis for your objection, along with any and all documents that support your objection. No member of the Plaintiff Class shall be entitled to object to the settlement in writing, and no written objections or briefs submitted by any member of the Plaintiff Class shall be received or considered by the Court at the Settlement Approval Hearing, unless copies of any written objections or briefs are filed with the Court and served on Class Counsel and Defendant's counsel on or before [INSERT Date], as follows:

Class Counsel:

Shaun Setareh, Esq.
H. Scott Leviant, Esq.
SETAREH LAW GROUP
9454 Wilshire Boulevard, Suite 907
Beverly Hills, CA 90212
Tel. 310.888.7771
Fax 310.888.0109

Defendant's Counsel:

Laurence F. Pulgram
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Tel.  415.875.2300
Fax 415.281.1350

Members of the Plaintiff Class who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections to the settlement and shall forever be foreclosed from making any objection (whether by appeal or otherwise) to the settlement, or any aspect of the settlement, including, without limitation, the fairness, reasonableness or adequacy of the proposed settlement, or any award of attorneys' fees or reimbursement of costs and expenses.  The Court, in its sole discretion, may permit any member of the Plaintiff Class to address the Court at the Settlement Approval Hearing and may consider any statements made despite a waiver of a Plaintiff Class Member's individual right to object.

## XIII.   SUMMARY OF OPTIONS

As a member of the Plaintiff Class, you have the following options:

1.      **Remain a Member of the Plaintiff Class.** If you do not exclude yourself from the Plaintiff Class, you will remain a member of the Plaintiff Class, you will be bound by the Settlement Agreement, you will be eligible to receive a cash payment of approximately between $_____ and $_____, and you will give up the claims that are released by the Settlement Agreement.

2.      **Object to the Settlement.** You are entitled to submit a timely written objection **to** the settlement. If the Settlement Agreement is approved after your objection, you will remain a member of the Plaintiff Class and will give up the claims that are released by the Settlement Agreement.

3.      **Exclude Yourself From the Plaintiff Class.** You are entitled to exclude yourself from the Plaintiff Class by timely submitting a valid, completed, signed Request for Exclusion Form. If you exclude yourself from the Plaintiff Class, you will not receive any cash payment or any other benefits from the settlement. You will retain all of the claims that will be released by members of the Plaintiff Class.

## XIV.   REMINDER OF IMPORTANT SETTLEMENT DATES AND DEADLINES.

The following are important dates and deadlines under the proposed settlement:

Exclusion Deadline:                          [INSERT date 60 days after mailing]

Objection Deadline:                    [INSERT date 60 days after mailing]
Settlement Approval Hearing:           [INSERT date]

## XV.   AVAILABILITY OF COMPLETE SETTLEMENT AGREEMENT

This Notice contains a summary of the proposed settlement contained in the Settlement Agreement that is on file with the Clerk of the Court. The complete Settlement Agreement may be inspected during normal business hours at the Office of the Clerk of the U.S. District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102.  The Motion for an Award of Attorneys Fees that Class Counsel intends to file will also be available for review at that Court location at least 30 days prior to the last day upon which any written objections can be mailed.

## XVI.   ADDITIONAL INFORMATION.

For more detailed information concerning the matters involved in the Lawsuit, please refer to the pleadings, the Settlement Agreement, the Orders entered by the Court in the Lawsuit, and to the other papers filed in the Lawsuit, which may be inspected at the Office of the Clerk of the U.S. District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, during regular business hours.

Any questions concerning the matters contained in this Notice may be directed to the Administrator or Class Counsel (at the addresses set forth above in Section V of this Notice).

You may also seek the advice and counsel of your own attorney, at your own expense, if you desire.

**Do Not Call Or Write The Court To Obtain Copies Of Documents Or To Ask Questions About The Settlement.**

EXHIBIT B

*Poinsignon v. Imperva, Inc.*

## REQUEST FOR EXCLUSION FORM

**SUBMIT THIS FORM IF YOU WISH TO BE EXCLUDED
FROM PARTICIPATING IN THE CLASS ACTION SETTLEMENT**

**THIS DOCUMENT MUST BE POSTMARKED NO LATER THAN _____, 2018.**

By signing and returning this form, I represent that I hereby exclude myself from participating in the settlement of the class action entitled *Julien Poinsignon v. Imperva, Inc.*, (Case No. 3:17-cv-05653-EMC), pending in the U.S. District Court for the Northern District of California. I have received notice of the proposed settlement in this action and have read the Notice of Class Action Settlement. I wish to be excluded from the settlement class, and do not wish to participate in the proposed settlement. I represent that the information set forth below is accurate.

Name: _____

Address:_____

　　　　_____

Telephone No.:_____

Social Security No.:_____

Date: _____        Signature:_____

Please mail via first-class mail this Exclusion Form to:

*Poinsignon v. Imperva, Inc.*
*c/o* [ADMINISTRATOR]
Address

**THIS DOCUMENT MUST BE POSTMARKED NO LATER THAN _____ 2018.**

EXHIBIT C

1  Shaun Setareh (SBN 204514)
        shaun@setarehlaw.com
2  H. Scott Leviant (SBN 200834)
        scott@setarehlaw.com
3  **SETAREH LAW GROUP**
   9454 Wilshire Boulevard, Suite 907
4  Beverly Hills, California  90212
   Telephone:     (310) 888-7771
5  Facsimile:     (310) 888-0109

6  Attorneys for Plaintiff
   JULIEN POINSIGNON
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  JULIEN POINSIGNON, on behalf of himself,      Case No.: 3:17-cv-05653-EMC
    all others similarly situated,
12                                                CLASS ACTION
             *Plaintiff*,
13
                                                  **[PROPOSED] ORDER:**
14       vs.
                                                  1.  **CONDITIONALLY CERTIFYING**
15  IMPERVA, INC., a Delaware corporation; and        **SETTLEMENT CLASS;**
    DOES 1 through 100, inclusive,                 2.  **PRELIMINARILY APPROVING**
16                                                     **PROPOSED SETTLEMENT;**
             *Defendants*.                         3.  **APPROVING NOTICE TO CLASS; AND**
17                                                 4.  **SETTING HEARING FOR FINAL**
                                                       **APPROVAL OF SETTLEMENT**
18

19
                                                  Date:        August 16, 2018
20                                                Time:        1:30 p.m.
                                                  Place.:      Courtroom 5
21                                                Judge:       Hon. Edward M. Chen

22

23

24

25

26

27

28

1

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2

Plaintiff JULIEN POINSIGNON ("Plaintiff") and Defendant IMPERVA, INC. ("Defendant" or

3

"Imperva") have reached terms of settlement for a putative class action.

4

Plaintiff has filed a motion for preliminary approval of a class action settlement of the claims

5

asserted against Defendant in this action, memorialized in the CLASS ACTION SETTLEMENT

6

AGREEMENT ("Agreement") (*see* Declaration of H. Scott Leviant In Support of Plaintiffs' Motion for

7

Preliminary Approval of Class Action Settlement and Certification of Settlement Class ["Leviant Decl."],

8

at Exh. 1) with attached Exhibits, including the proposed form of Notice.

9

The Agreement between the Parties provides that the Parties stipulate to certification of a Class for

10

settlement purposes only.  The Agreement is conditioned upon, among other things, the Court's approval.

11

Capitalized terms in this Order shall have the same meaning as in the Agreement unless indicated

12

otherwise.  A summary of the terms of the Settlement is as follows:

13

- The Settlement Class is:  applicants for employment, employees or other agents of Defendant

14

    Imperva, Inc. in the United States who were subject to any background, credit, consumer, or

15

    investigatory check or report between August 25, 2012 and November 3, 2017.[1]  (Agreement,

16

    ¶ 4 and 5.)

17

- Defendant agrees that $188,000.00, known as the "Maximum Settlement Amount," represents

18

    the maximum amount that it will pay out under this Agreement, inclusive of the following: (a)

19

    payments to participating Plaintiff Class Members; (b) the maximum gross amount for Class

20

    Counsel's attorneys' fees to be paid in accordance with the terms set forth in Paragraph 6(b),

21

    which is $62,660; (c) the maximum gross amount for all of Class Counsel's and the Class

22

    Representative's litigation costs and associated expenses, which is capped at $10,000; (d) the

23

    anticipated gross amount for claims administration costs, which is anticipated to be roughly

24

    $10,000; and (e) the maximum gross amount for the enhancement payments to be made by

25

    Imperva to the Class Representative, in accordance with the terms set forth in Paragraph 10.4,

26

27

    [1] "Class," "Settlement Class", or "Plaintiff Class" refer to the defined term "Plaintiff Class" in the

28

Agreement.

which is a maximum $5,000. (Agreement, ¶ 6.)

• Each Class Member who does not opt out will be paid their share of the settlement. (Agreement, ¶ 8,9, 16.)

• Class Counsel will not seek an amount greater than $62,660 for attorneys' fees. (Agreement, ¶ 6.)

• Class Counsel will not seek an amount greater than $10,000 for litigation costs. (Agreement, ¶ 6.)

• The Class Representative enhancement award requested will be $5,000. (Agreement, ¶ 6.)

• If a Class Member has not cashed his or her check within 90 days of issuance, the funds representing the "uncashed checks" shall be transmitted by the Administrator to the cy pres to Legal Aid at Work, a California employment law public interest firm, or to another organization later selected by the parties if the Court declines to approve the cy pres organization selected by the parties. (Agreement, ¶ 16.)

After reviewing the Agreement, the proposed Class Notice, and other related documents, and having heard the argument of Counsel for respective parties, **IT IS HEREBY ORDERED AS FOLLOWS**:

1.      The Court preliminarily finds that the proposed class satisfies the requirements of a settlement class under Rule 23 of the Federal Rules of Civil Procedure. The requirements of Rule 23(a) are satisfied because the proposed Class is so numerous that joinder of all Class Members is impracticable, there are questions of law or fact common to the Class, the claims of Plaintiff are typical of the claims of the Class; and Plaintiff will fairly and adequately protect the interests of the Class. The requirements of Rule 23(b) are satisfied because questions of law or fact common to Class Members predominate over any questions affecting only individual Class Members.

2.      The parties' settlement is granted preliminary approval as it meets the criteria for preliminary settlement approval. The settlement falls within the range of possible approval as fair, adequate and reasonable, and appears to be the product of arm's-length and informed negotiations and

to treat all Class Members fairly.  The Court finds that it is appropriate to notify the members of the proposed settlement Class of the terms of the proposed settlement.

3.      The parties' proposed notice plan is constitutionally sound because individual notices will be mailed to all Class Members whose identities are known to the parties, and such notice is the best notice practicable.  The parties' proposed Class Notice (Leviant Decl., at Exh. A to Exh. 1) is sufficient to inform Class Members of the terms of the Settlement, their rights under the settlement, their rights to object to the Settlement, their right to receive a payment under the settlement or elect not to participate in the settlement, and the processes for doing so, and the date and location of the final approval hearing and are therefore approved.

4.      The following persons are certified as Class Members solely for the purpose of entering a settlement in this matter:

> All applicants for employment, employees or other agents of Defendant Imperva, Inc. in the United States who were subject to any background, credit, consumer, or investigatory check or report between August 25, 2012 and November 3, 2017.

5.      Class Members will be bound by the Agreement unless they submit a timely and valid written request to be excluded from the Settlement within 60 days after mailing of the Class Notice by Defendant or in accordance with the terms of the Agreement.

6.      Any Class Member who wishes to comment on or object to the Agreement with respect to any terms therein other that the amount of attorney's fees requested by Class Counsel shall, in accordance with the Agreement, as amended, have 60 days after mailing of the Class Notice by Defendant to submit his or her written comment or written objection.

7.      Prior to the Final Approval Hearing, Plaintiff shall file a motion for final approval of the settlement, and Class Counsel shall file a motion for an award of attorneys' fees, costs, and the enhancement award.

8.      Any Class Member who wishes to comment on or object specifically to the amount of attorney's fees requested by Class Counsel shall have until the date of the Final Approval Hearing to submit his or her comment or objection as to the amount of fees or appear and, if permitted by the Court, state any comment or objection as to the amount of fees requested.  To the extent possible,

Plaintiff's Motion for an award of Attorney's Fees and Costs shall be set for hearing on the same day and at the same time that the Court hears Plaintiff's Motion for Final Approval.  Any comment submitted after the expiration of time to comment on or object to the settlement generally but before the expiration of time to comment on or object to the amount of attorney's fees will not be considered other than as it pertains specifically to comments regarding the amount of attorney's fees.

9.       The Court appoints Simpluris, Inc. to act as the Settlement Administrator, pursuant to the terms set forth in the Agreement.

10.     Plaintiff JULIEN POINSIGNON is appointed the Class Representative.  Setareh Law Group, Shaun Setareh and H. Scott Leviant are appointed Class Counsel.

11.     Defendant is directed to provide the Settlement Administrator not later than 30 days after the date of this order the name, most recent known mailing address, and any other information required in accordance with the Agreement.

12.     The Settlement Administrator is directed to mail the approved Class Notice by first-class mail to the Class Members in accordance with the Agreement.

13.     A final approval hearing will be held on February 7, 2019 [_____, 2019], at 1:30 p.m., to determine whether the settlement should be granted final approval as fair, reasonable, and adequate as to the Class Members.  At that time, the Court will hear all evidence and arguments necessary to evaluate the Settlement, will consider Plaintiff's request for the Class Representative Enhancement Award, and, to the extent scheduling permits, Class Counsel's request for an award of Attorney's Fees and Costs.  Class Members and their counsel may support or oppose the Settlement and the motion for an award of Attorney's Fees and Costs, if they so desire, in accordance with the procedures set forth in the Class Notice and this Order.

14.     As set forth in the Agreement, any Class Member may appear at the final approval hearing in person or by his or her own attorney, and show cause why the Court should not approve the settlement, or object to the motion for awards of the Class Representative Enhancement Award and Attorney's Fees and Costs.  For any written comments or objections to be considered at the hearing, the Class Member must submit a written objection in accordance with the deadlines set forth in the Class Notice, or as otherwise permitted by the Court.

15.     The Court reserves the right to continue the date of the final approval hearing without further notice to Class Members.  The Court retains jurisdiction to consider all further applications arising out of or in connection with the settlement.

**IT IS SO ORDERED.**

Dated: _____          _____

                                                                        Hon. Edward M.  Chen
                                                                        UNITED STATES DISTRICT JUDGE

# EXHIBIT D

1   Shaun Setareh (SBN 204514)
          shaun@setarehlaw.com
2   H. Scott Leviant (SBN 200834)
          scott@setarehlaw.com
3   **SETAREH LAW GROUP**
    9454 Wilshire Boulevard, Suite 907
4   Beverly Hills, California  90212
    Telephone:      (310) 888-7771
5   Facsimile:      (310) 888-0109

6   Attorneys for Plaintiff
    JULIEN POINSIGNON

7

8                      UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  JULIEN POINSIGNON, on behalf of himself,      Case No.: 3:17-cv-05653-EMC
    all others similarly situated,
12                                                CLASS ACTION
                    *Plaintiff*,
13
                                                  **[PROPOSED] ORDER:**
14            vs.
                                                  **1.  CERTIFYING SETTLEMENT CLASS**
15  IMPERVA, INC., a Delaware corporation; and        **AND.**
    DOES 1 through 100, inclusive,                **2.  FINALLY APPROVING PROPOSED**
16                                                    **SETTLEMENT;**
                    *Defendants*.
17

18                                                Date:        xxxxxx 2019
                                                  Time:        1:30 p.m.
19                                                Place.:      Courtroom 5
                                                  Judge:       Hon. Edward M. Chen
20

21

22

23

24

25

26

27

28

1

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2

      Plaintiff JULIEN POINSIGNON ("Plaintiff") and Defendant IMPERVA, INC. ("Defendant" or

3

"Imperva") have reached terms of settlement for a putative class action.

4

      Plaintiff has filed a motion for final approval of a class action settlement of the claims asserted

5

against Defendant in this action, memorialized in the CLASS ACTION SETTLEMENT AGREEMENT

6

("Agreement") (*see* Declaration of H. Scott Leviant In Support of Plaintiffs' Motion for Preliminary

7

Approval of Class Action Settlement and Certification of Settlement Class ["Leviant Decl."], at Exh. 1)

8

with attached Exhibits, including the proposed form of Notice.

9

      The Agreement between the Parties provides that the Parties stipulate to certification of a Class for

10

settlement purposes only.  The Agreement is conditioned upon, among other things, the Court's approval.

11

Capitalized terms in this Order shall have the same meaning as in the Agreement unless indicated

12

otherwise.  A summary of the terms of the Settlement is as follows:

13

    •   The Settlement Class is:  applicants for employment, employees or other agents of Defendant

14

          Imperva, Inc. in the United States who were subject to any background, credit, consumer, or

15

          investigatory check or report between August 25, 2012 and November 3, 2017.[1]  (Agreement,

16

          ¶ 4 and 5.)

17

    •   Defendant agrees that $188,000.00, known as the "Maximum Settlement Amount," represents

18

          the maximum amount that it will pay out under this Agreement, inclusive of the following: (a)

19

          payments to participating Plaintiff Class Members; (b) the maximum gross amount for Class

20

          Counsel's attorneys' fees to be paid in accordance with the terms set forth in Paragraph 6(b),

21

          which is $62,660; (c) the maximum gross amount for all of Class Counsel's and the Class

22

          Representative's litigation costs and associated expenses, which is capped at $10,000; (d) the

23

          anticipated gross amount for claims administration costs, which is anticipated to be roughly

24

          $10,000; and (e) the maximum gross amount for the enhancement payments to be made by

25

          Imperva to the Class Representative, in accordance with the terms set forth in Paragraph 10.4,

26

27

      [1] "Class," "Settlement Class", or "Plaintiff Class" refer to the defined term "Plaintiff Class" in the

28

Agreement.

which is a maximum $5,000. (Agreement, ¶ 6.)

- Each Class Member who does not opt out will be paid their share of the settlement. (Agreement, ¶ 8,9, 16.)

- Class Counsel will not seek an amount greater than $62,660 for attorneys' fees. (Agreement, ¶ 6.)

- Class Counsel will not seek an amount greater than $10,000 for litigation costs. (Agreement, ¶ 6.)

- The Class Representative enhancement award requested will be $5,000. (Agreement, ¶ 6.)

- If a Class Member has not cashed his or her check within 90 days of issuance, the funds representing the "uncashed checks" shall be transmitted by the Administrator to the cy pres to Legal Aid at Work, a California employment law public interest firm, or to another organization later selected by the parties if the Court declines to approve the cy pres organization selected by the parties. (Agreement, ¶ 16.)

After reviewing the Agreement, the Notice process, and other related documents, and having heard the argument of Counsel for respective parties, **IT IS HEREBY ORDERED AS FOLLOWS**:

1.       The Court finds that the proposed class satisfies the requirements of a settlement class under Rule 23 of the Federal Rules of Civil Procedure.  The requirements of Rule 23(a) are satisfied because the proposed Class is so numerous that joinder of all Class Members is impracticable, there are questions of law or fact common to the Class, the claims of Plaintiff are typical of the claims of the Class; and Plaintiff will fairly and adequately protect the interests of the Class.  The requirements of Rule 23(b) are satisfied because questions of law or fact common to Class Members predominate over any questions affecting only individual Class Members.

2.       The parties' settlement is granted final approval as it meets the criteria for preliminary settlement approval.  The settlement falls within the range of possible approval as fair, adequate and reasonable, and appears to be the product of arm's-length and informed negotiations and to treat all Class Members fairly.

3.      The following persons are certified as Class Members solely for the purpose of entering a settlement in this matter:

> All applicants for employment, employees or other agents of Defendant Imperva, Inc. in the United States who were subject to any background, credit, consumer, or investigatory check or report between August 25, 2012 and November 3, 2017.

4.      Plaintiff JULIEN POINSIGNON is appointed the Class Representative.  Setareh Law Group, Shaun Setareh and H. Scott Leviant are appointed Class Counsel.

5.      The distribution of the Notice Packet directed to the Settlement Class Members as set forth in the Agreement and the Court's directions has been completed in conformity with the Preliminary Approval Order.  The Notice Packet provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement terms as set forth in the Agreement, to all persons entitled to such Notice.  The Notice fully satisfied the requirements of due process, having been sent to all Settlement Class Members who could be identified through reasonable effort, and was the best notice practicable under the circumstances.

6.      The Court hereby directs payment to the Administrator, Simpluris, Inc., for fees and expenses, the amount of $_____ to be paid pursuant to the Agreement's terms for such distribution.  The Court finds that the Administrator fully discharged its obligations as Administrator under the terms of the Agreement thus far, and the Administrator is directed to complete the administration as set forth in the Agreement.

7.      The Court hereby awards Counsel, Law Offices of Shaun Setareh $62,660 as fees, which is 33.33 percent of the Maximum Settlement Amount.  The Court finds that the attorneys' fees awarded are reasonable compared to amounts routinely approved in similar settlements, as checked against the total lodestar information. Counsel proceeded on a contingency basis despite the uncertainty of any fee award.  Counsel were necessarily precluded from pursuing other potential sources of fees because of work in connection with this Action.  The Court also awards Counsel, Law Offices of Shaun Setareh, $_____ as reimbursement of reasonable costs incurred in this matter.

8.      The Court hereby awards a Class Representative Enhancement Award of $5,000 to Plaintiff Julien Poinsignon, to be paid in accordance with the terms of the Agreement.  The Court finds

that this amount is fair and reasonable in light of Plaintiff's contributions to this litigation, and this amount is unopposed.

9.      The Court hereby directs payment to all Settlement Class Members pursuant to the terms of the Agreement.

10.    Class Members who did not submit a timely and valid written request to be excluded from the Settlement are bound by the terms of the Agreement.

11.    Settlement Class Members who did not timely object to the settlement set forth in the Agreement are barred from prosecuting or pursuing any appeal of the Court's Order Granting Final Approval to the Agreement and are deemed to have released claims to the extent described in the Agreement.

12.    The Court reserves continuing jurisdiction over the parties for the purposes of implementing, enforcing and/or administering the Settlement or enforcing the terms of a Judgment to be entered following entry of this Order.


**IT IS SO ORDERED.**


Dated: _____          _____
                                                                    Hon. Edward M.  Chen
                                                                    UNITED STATES DISTRICT JUDGE

# EXHIBIT E

Shaun Setareh (SBN 204514)
    shaun@setarehlaw.com
H. Scott Leviant (SBN 200834)
    scott@setarehlaw.com
**SETAREH LAW GROUP**
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California  90212
Telephone:      (310) 888-7771
Facsimile:       (310) 888-0109

Attorneys for Plaintiff
JULIEN POINSIGNON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIEN POINSIGNON, on behalf of himself, all others similarly situated,<br><br>   *Plaintiff,*<br><br>  vs.<br><br>IMPERVA, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>   *Defendants.* | Case No.: 3:17-cv-05653-EMC<br><br>CLASS ACTION<br><br>**JOINT JUDGMENT APPROVING CLASS ACTION SETTLEMENT** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

This matter coming before the Court on Plaintiff's Motion for Final Approval of Class Action Settlement (the "Final Approval Motion"), and after review and consideration of the parties' fully-executed CLASS ACTION SETTLEMENT AGREEMENT ("Settlement"), the papers in support of the Final Approval Motion, Plaintiff's Motion for Attorneys' Fees and Costs, having heard the arguments of counsel during hearing on _____, 2019 at which no objectors appeared, and the Court having issued an Order Granting the Final Approval Motion and the Motion for Attorneys' Fees and Costs on _____, 2019 (the "Final Order") (ECF No. ___), and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.  Final judgment in this matter is hereby entered in conformity with the terms of the Settlement and the Final Order;

2.  This case is hereby dismissed with prejudice;

3.  Without affecting the finality of this Final Judgment in any way, this Court retains continuing jurisdiction over the implementation, interpretation, and enforcement of the Settlement with respect to all Parties to this action, and their counsel of record.

**IT IS SO ORDERED.**

Dated: _____          _____
                                                            Hon. Edward M.  Chen
                                                            UNITED STATES DISTRICT JUDGE