Shaun Setareh (SBN 204514)
    shaun@setarehlaw.com
H. Scott Leviant (SBN 200834)
    scott@setarehlaw.com
**SETAREH LAW GROUP**
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California  90212
Telephone:   (310) 888-7771
Facsimile:   (310) 888-0109

Attorneys for Plaintiff
JULIEN POINSIGNON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIEN POINSIGNON, on behalf of himself, all others similarly situated,<br><br>    *Plaintiff*,<br><br>vs.<br><br>IMPERVA, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>    *Defendants*. | Case No.: 3:17-cv-05653-EMC<br><br>CLASS ACTION<br><br>**[PROPOSED] FIRST AMENDED ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND APPROVING REVISED NOTICE TO SETTLEMENT CLASS**<br><br>Date:    August 16, 2018<br>Time:    1:30 p.m.<br>Place.:   Courtroom 5<br>Judge:   Hon. Edward M. Chen |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Plaintiff JULIEN POINSIGNON ("Plaintiff") and Defendant IMPERVA, INC. ("Defendant" or "Imperva") have reached terms of settlement for a putative class action.

Plaintiff has filed a motion for preliminary approval of a class action settlement of the claims asserted against Defendant in this action, memorialized in the CLASS ACTION SETTLEMENT AGREEMENT ("Agreement") (*see* Declaration of H. Scott Leviant In Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class ["Leviant Decl."], at Exh. 1) with attached Exhibits, including the proposed form of Notice.

The Agreement between the Parties provides that the Parties stipulate to certification of a Class for settlement purposes only. The Agreement is conditioned upon, among other things, the Court's approval. Capitalized terms in this Order shall have the same meaning as in the Agreement unless indicated otherwise. A summary of the terms of the Settlement is as follows:

- The Settlement Class is: applicants for employment, employees or other agents of Defendant Imperva, Inc. in the United States who were subject to any background, credit, consumer, or investigatory check or report between August 25, 2012 and November 3, 2017.[1]  (Agreement, ¶ 4 and 5.)

- Defendant agrees that $188,000.00, known as the "Maximum Settlement Amount," represents the maximum amount that it will pay out under this Agreement, inclusive of the following: (a) payments to participating Plaintiff Class Members; (b) the maximum gross amount for Class Counsel's attorneys' fees to be paid in accordance with the terms set forth in Paragraph 6(b), which is $62,660; (c) the maximum gross amount for all of Class Counsel's and the Class Representative's litigation costs and associated expenses, which is capped at $10,000; (d) the anticipated gross amount for claims administration costs, which is anticipated to be roughly $10,000; and (e) the maximum gross amount for the enhancement payments to be made by Imperva to the Class Representative, in accordance with the terms set forth in Paragraph 10.4,

---

[1] "Class," "Settlement Class", or "Plaintiff Class" refer to the defined term "Plaintiff Class" in the Agreement.

which is a maximum $5,000. (Agreement, ¶ 6.)

- Each Class Member who does not opt out will be paid their share of the settlement. (Agreement, ¶ 8,9, 16.)
- Class Counsel will not seek an amount greater than $62,660 for attorneys' fees. (Agreement, ¶ 6.)
- Class Counsel will not seek an amount greater than $10,000 for litigation costs. (Agreement, 6.)
- The Class Representative enhancement award requested will be $5,000. (Agreement, ¶ 6.)
- If a Class Member has not cashed his or her check within 90 days of issuance, the funds representing the "uncashed checks" shall be transmitted by the Administrator to the cy pres to Legal Aid at Work, a California employment law public interest firm, or to another organization later selected by the parties if the Court declines to approve the cy pres organization selected by the parties. (Agreement, ¶ 16.)

At the hearing of Plaintiff's Motion, the Court directed the Parties to revise portions of the Class Notice and the release provision in the Agreement. After reviewing the Agreement, the proposed revised Class Notice (attached hereto), and other related documents, and having heard the argument of Counsel for respective parties, **IT IS HEREBY ORDERED AS FOLLOWS**:

1. The Court preliminarily finds that the proposed class satisfies the requirements of a settlement class under Rule 23 of the Federal Rules of Civil Procedure. The requirements of Rule 23(a) are satisfied because the proposed Class is so numerous that joinder of all Class Members is impracticable, there are questions of law or fact common to the Class, the claims of Plaintiff are typical of the claims of the Class; and Plaintiff will fairly and adequately protect the interests of the Class. The requirements of Rule 23(b) are satisfied because questions of law or fact common to Class Members predominate over any questions affecting only individual Class Members.

2. The parties' settlement is granted preliminary approval as it meets the criteria for preliminary settlement approval. The settlement falls within the range of possible approval as fair, adequate and reasonable, and appears to be the product of arm's-length and informed negotiations and

to treat all Class Members fairly. The Court finds that it is appropriate to notify the members of the proposed settlement Class of the terms of the proposed settlement.

3. The parties' proposed notice plan is constitutionally sound because individual notices will be mailed to all Class Members whose identities are known to the parties, and such notice is the best notice practicable. The parties' revised proposed Class Notice (Exhibit 1 hereto) is sufficient to inform Class Members of the terms of the Settlement, their rights under the settlement, their rights to object to the Settlement, their right to receive a payment under the settlement or elect not to participate in the settlement, and the processes for doing so, and the date and location of the final approval hearing and are therefore approved.

4. The following persons are certified as Class Members solely for the purpose of entering a settlement in this matter:

> All applicants for employment, employees or other agents of Defendant Imperva, Inc. in the United States who were subject to any background, credit, consumer, or investigatory check or report between August 25, 2012 and November 3, 2017.

5. The release proposed as part of the proposed settlement has been revised by the parties, and the Court preliminarily approves the following revised release language for dissemination to Class Members:

> For purposes of this Agreement, the "Released Claims" in the Lawsuit are defined as: All claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, whether known or unknown, ==based on the facts or allegations asserted in the Complaint or First Amended Complaint or that relate to or arise out of the procurement by Defendant Imperva, Inc. or its agents of any credit, consumer, investigatory, or background report== ~~that were or could have been asserted in the Lawsuit~~, including but not limited to any and all claims under 15 U.S.C. §§ 1681b(b)(2)(A), 1681d(a)(1), and 1681g(c) of the Fair Credit Reporting Act, any analogous state law claims, including but not limited to any and all claims under Cal. Civ. Code §§ 1785 *et seq.* and 1786 *et seq.*, and any and all claims under Cal. Bus. & Prof. Code §§ 17200, *et seq.*~~, or that relate to or arise out of the procurement by Defendant Imperva, Inc. or its agents of any credit, consumer, investigatory, or background report~~.

The newly proposed language is highlighted and removed text is shown in strikethrough font.

6. Class Members will be bound by the Agreement unless they submit a timely and valid written request to be excluded from the Settlement within 60 days after mailing of the Class Notice by Defendant or in accordance with the terms of the Agreement.

7. Any Class Member who wishes to comment on or object to the Agreement with respect to any terms therein other that the amount of attorney's fees requested by Class Counsel shall, in accordance with the Agreement, as amended, have 60 days after mailing of the Class Notice by Defendant to submit his or her written comment or written objection.

8. Prior to the Final Approval Hearing, Plaintiff shall file a motion for final approval of the settlement, and Class Counsel shall file a motion for an award of attorneys' fees, costs, and the enhancement award.

9. Any Class Member who wishes to comment on or object specifically to the amount of attorney's fees requested by Class Counsel shall have until the date of the Final Approval Hearing to submit his or her comment or objection as to the amount of fees or appear and, if permitted by the Court, state any comment or objection as to the amount of fees requested. To the extent possible, Plaintiff's Motion for an award of Attorney's Fees and Costs shall be set for hearing on the same day and at the same time that the Court hears Plaintiff's Motion for Final Approval. Any comment submitted after the expiration of time to comment on or object to the settlement generally but before the expiration of time to comment on or object to the amount of attorney's fees will not be considered other than as it pertains specifically to comments regarding the amount of attorney's fees.

10. The Court appoints Simpluris, Inc. to act as the Settlement Administrator, pursuant to the terms set forth in the Agreement.

11. Plaintiff JULIEN POINSIGNON is appointed the Class Representative. Setareh Law Group, Shaun Setareh and H. Scott Leviant are appointed Class Counsel.

12. Defendant is directed to provide the Settlement Administrator not later than 30 days after the date of this order the name, most recent known mailing address, and any other information required in accordance with the Agreement.

13. The Settlement Administrator is directed to mail the approved Class Notice by first-class mail to the Class Members in accordance with the Agreement.

14. A final approval hearing will be held on February 7, 2019, at 1:30 p.m., to determine whether the settlement should be granted final approval as fair, reasonable, and adequate as to the Class Members. At that time, the Court will hear all evidence and arguments necessary to evaluate the

Settlement, will consider Plaintiff's request for the Class Representative Enhancement Award, and, to the extent scheduling permits, Class Counsel's request for an award of Attorney's Fees and Costs. Class Members and their counsel may support or oppose the Settlement and the motion for an award of Attorney's Fees and Costs, if they so desire, in accordance with the procedures set forth in the Class Notice and this Order.

15. As set forth in the Agreement, any Class Member may appear at the final approval hearing in person or by his or her own attorney, and show cause why the Court should not approve the settlement, or object to the motion for awards of the Class Representative Enhancement Award and Attorney's Fees and Costs. For any written comments or objections to be considered at the hearing, the Class Member must submit a written objection in accordance with the deadlines set forth in the Class Notice, or as otherwise permitted by the Court.

16. The Court reserves the right to continue the date of the final approval hearing without further notice to Class Members. The Court retains jurisdiction to consider all further applications arising out of or in connection with the settlement.

**IT IS SO ORDERED.**

Dated:  8/24/2018

Hon. Edward M. Chen
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*Julien Poinsignon v. Imperva, Inc.*                    Case Number 3:17-cv-05653-EMC

### NOTICE OF CLASS ACTION SETTLEMENT

TO:   All applicants for employment, employees or other agents of Defendant Imperva, Inc. ("Defendant") in the United States who were subject to any background, credit, consumer, or investigatory check or report between August 25, 2012 and November 3, 2017.

On [Date of Prelim. App. Ord.] the Court granted preliminary approval of a proposed settlement set forth in a Class Action Settlement Agreement ("Settlement Agreement"). If the Court grants final approval of the settlement, this Lawsuit (as defined below) will end, and Defendant will be released from all claims raised in or related to the actions alleged therein, including claims under the Fair Credit Reporting Act and similar state laws. The Class Representative and Class Counsel (as defined below) believe the proposed settlement is fair, adequate, reasonable, and in the best interest of the Plaintiff Class (as defined below). This Notice informs you of the proposed settlement, and your rights to participate in the proposed settlement, object to its terms, or exclude yourself from it. This Notice also explains how you can obtain more information.

**YOUR ESTIMATED PAYMENT**: After all fees, costs, and other administration payments are deducted, your estimated payment will likely be between $**106** and $**123**. You will receive a check mailed to your address on file with Imperva if you do nothing in response to this notice.

### OVERVIEW OF YOUR RIGHTS AND OPTIONS UNDER THE SETTLEMENT

| | |
|---|---|
| **DO NOTHING AND RECEIVE A SHARE OF THE SETTLEMENT** | If you want to receive a monetary payment from the settlement, you do not have to do anything. You will be issued your share of the settlement automatically. |
| **OPT OUT OF THE CLASS** | If you do not want to give up your right to pursue Released Claims (described below), you may opt out of the Plaintiff Class by submitting an Exclusion Form in accordance with the procedures set forth below. If you opt out of the Plaintiff Class, you will not receive any money from the settlement. To be valid, any Exclusion Form must contain all of the information required and be postmarked on or before [**+60 days from mailing**]. |
| **OBJECT TO THE SETTLEMENT** | If you wish to object to the settlement, you must submit a written objection in accordance with the procedures set forth below. To be valid, any objection must comply with *all* of the procedures described below and be postmarked on or before **[+60 days from mailing].** |

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at www.[ToBeSecuredbyAdmin].com, or by contacting class counsel (contact information listed below), or by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

**PLEASE READ THIS ENTIRE NOTICE CAREFULLY.
YOUR RIGHTS MAY BE AFFECTED
BY THE PROPOSED SETTLEMENT DESCRIBED IN THIS NOTICE.**

I.     SUMMARY OF THE LAWSUIT

On August 25, 2017, Plaintiff Julien Poinsignon ("Plaintiff") filed a lawsuit on behalf of all applicants for employment, employees or other agents of Defendant in the United States who were subject to any background, credit, consumer, or investigatory check or report, entitled *Julien Poinsignon v. Imperva, Inc.*, Case No. 3:17-cv-05653-EMC (the "Lawsuit") in the U.S. District Court for the Northern District of California (the "Court").

The Lawsuit seeks actual and statutory damages, and related amounts that Plaintiff contends are owed to all applicants for employment, employees or other agents of Defendant in the United States who were subject to any background, credit, consumer, or investigatory check or report between August 25, 2012 and November 3, 2017. The lawsuit asserts that Imperva failed to comply with certain statutory requirements relating to obtaining consent for such checks. During the Lawsuit, attorneys for the Plaintiff Class and attorneys for Defendant engaged in mediation with an experienced mediator, Michael Dickstein. The parties have reached an agreement to settle this Lawsuit, subject to Court approval. The Court has not determined whether the Lawsuit could be litigated as a class action. The Court has not rendered any decisions on the merits of the Lawsuit.

The Court will conduct a settlement hearing, hear any objections to the settlement, and decide whether to finally approve the settlement and issue a Final Approval Order.

II.    CLASS DEFINITION

The Lawsuit is being settled as a "class action." In a class action, the plaintiff, also referred to as class representative, sues on behalf of himself and other persons with allegedly similar claims. In this Lawsuit, the settlement class ("Plaintiff Class") is defined as follows:

> All applicants for employment, employees or other agents of Defendant Imperva, Inc. ("Defendant") in the United States who were subject to any background, credit, consumer, or investigatory check or report between August 25, 2012 and November 3, 2017.

The Court has conditionally certified a class solely for purposes of settlement. If the Court approves the settlement, the settlement will bind all members of the Plaintiff Class who have not excluded themselves from the Plaintiff Class. The Court has not determined that the Lawsuit could be litigated as a class action. If the Court does not approve this settlement, the conditional class certification for purposes of settlement will have no effect or precedential value in any subsequent proceedings in the Lawsuit or in any other litigation.

III.   CLASS REPRESENTATIVE AND CLASS COUNSEL

The Court appointed the Plaintiff as "Class Representative" to represent the Plaintiff Class. The Court appointed the following attorneys to represent the Plaintiff Class as "Class Counsel":

Case 3:17-cv-05653-EMC   Document 49   Filed 08/26/18   Page 10 of 15

Shaun Setareh, Esq.
H. Scott Leviant, Esq.
**SETAREH LAW GROUP**
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California 90212
Tel. 310.888.7771
Fax 310.888.0109

## IV.   SETTLEMENT AMOUNT

The proposed settlement obligates Defendant to pay a potential maximum settlement amount (called the "Maximum Settlement Amount" in the Settlement Agreement) of One Hundred Eighty-Eight Thousand Dollars ($188,000). This payment is "all inclusive." It includes, but is not limited to, any relief associated with or related to the alleged violations of the Fair Credit Reporting Act, including damages, attorneys' fees, and costs associated with or related to these alleged violations and administration of the settlement.

## V.   SETTLEMENT ADMINISTRATOR

The settlement process will be administered by Simpluris, Inc. (the "Administrator"), a company that provides settlement and claims administration services. The Court has approved Simpluris, Inc. to act as the Administrator for purposes of this settlement. All of the costs and fees of the Administrator shall be paid out of and subtracted from the Maximum Settlement Amount.

## VI.   RELEASE AND WAIVER

If the Court approves the settlement, then upon the Effective Date of the settlement, the Class Representative and all members of the Plaintiff Class (i) shall be deemed to have agreed that, except for the obligations imposed by this settlement, Defendant shall be forever released and discharged from all Released Claims (as defined below) and (ii) shall be barred and enjoined from suing the Released Parties (as defined below) for any liability in any way related to or arising out of any Released Claim.

For purposes of this Agreement, the "Released Claims" means all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, whether known or unknown, based on the facts or allegations asserted in the Complaint or First Amended Complaint or that relate to or arise out of the procurement by Defendant Imperva, Inc. or its agents of any credit, consumer, investigatory, or background report, including but not limited to any and all claims under 15 U.S.C. §§ 1681b(b)(2)(A), 1681d(a)(1), and 1681g(c) of the Fair Credit Reporting Act, any analogous state law claims, including but not limited to any and all claims under Cal. Civ. Code §§ 1785 *et seq*. and 1786 *et seq*., and any and all claims under Cal. Bus. & Prof. Code §§ 17200, *et seq*. This release explicitly includes claims for actual damages, statutory damages, and punitive damages, as well as for attorneys' fees and costs. The parties agree that the payments made hereunder are meant to compensate the Plaintiff Class for all harms incurred as a result of these released claims and the allegations set forth in the Complaint and the First Amended Complaint in the Lawsuit.  For the sake of clarity, this Release does not extend to the claims asserted in *Julien Poinsignon v. Imperva, Inc*., Santa Clara Superior Court Case No. 17CIV03881, which will be subject to a separate settlement agreement.

For purposes of the settlement, "Released Parties" means Imperva, Inc. and each of its respective past, present and future owners, stockholders, parent corporations, affiliates, subsidiaries, officers,

directors, shareholders, employees, agents, principals, heirs, representatives, accountants, attorneys, auditors, consultants, insurers and reinsurers, and their respective successors and predecessors in interest, and each of their company-sponsored employee benefit plans of any nature (including, without limitation, profit-sharing plans, pension plans, 401(k) plans, and severance plans) and all of their respective officers, directors, employees, administrators, fiduciaries, trustees and agents.

With respect to the Released Claims identified above, the members of the Plaintiff Class stipulate and agree that, upon the effective date of the settlement, the members of the Plaintiff Class shall be deemed to have, and by operation of the final judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law that purports to limit the scope of a general release. Section 1542 provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

## VII.   ATTORNEYS' FEES

Class Counsel have litigated this matter since August 25, 2017. It is customary for courts to award to class counsel attorneys' fees based upon a percentage of the potential maximum settlement amount for the benefit of a class. In this case, Class Counsel will request an award of 33.33% of the Maximum Settlement Amount. Class Counsel will also seek reimbursement of the costs and expenses they have incurred on behalf of the Plaintiff Class, estimated to be no more than $10,000, to be paid from the Maximum Settlement Amount.

## VIII.   ENHANCEMENT AWARDS

Class Counsel will file an application for approval of an enhancement award to Plaintiff in an amount not to exceed $5,000.  Defendant has agreed not to object to such application.  Any such enhancement award approved by the Court shall be paid from the Maximum Settlement Amount.

## IX.   CALCULATION OF PAYMENTS

All settlement administrative fees and costs, the incentive awards to the Class Representative, the attorneys' fees and costs that the Court awards to Class Counsel, and other associated expenses shall be subtracted from the Maximum Settlement Amount. The funds remaining after payment of all of these amounts are designated as the "Potential Gross Individual Settlement Proceeds," which is the amount available for distribution to Settlement Class Members.  The amount available for distribution to each member of the Plaintiff Class shall be calculated as follows:

   1.   <u>Individual Settlement Award:</u> Each member of the Plaintiff Class shall receive a pro-rata payment (the "Individual Settlement Award").

   2.   <u>Tax Liability and Net Payments:</u> Except as otherwise set forth above, each party and the members of the Plaintiff Class will be responsible for its own tax obligations.  The Plaintiff Class shall be responsible for remitting to State and/or Federal taxing authorities any applicable

taxes due and shall hold Defendant harmless and indemnify it for any liabilities, costs and expenses, including attorneys' fees, assessed or caused by any such taxing authority relating in any way to the tax treatment of the payments made pursuant to this Agreement.

       3.      <u>Payment of Settlement Funds Will Be Considered By Defendant As Having No Effect on Any Employee Benefit Plan and Similar Plans</u>:

The payment to any member of the Plaintiff Class as provided for in this Agreement is not and shall not be deemed by Defendant to constitute an addition to, a modification of, or a change in any previously credited hours of service, compensation and/or wages under any employee benefit plan, employment policy, or stock option plan of or sponsored by Defendant or any of its present or former parent corporations or affiliates or any jointly trusteed benefit plans. Any such payment to any member of the Plaintiff Class shall not be considered by Defendant to form the basis for additional contributions to, additional benefits under, or any other additional entitlements under any employee benefit plan, employment policy, or stock option plan of or sponsored by Defendant or any of its present or former parent corporations or affiliates or any jointly trusteed benefit plans. Defendant and each of its present or former parent corporations or affiliates retain the right to modify and/or amend the language of their employee benefit plans, employment policies, and stock option plans, and to seek to have modified and/or amended the language of any jointly trusteed benefit plans, to make clear that any amounts paid as a result of this Agreement are not considered by Defendant as compensation or wages, or payments for "hours worked," as defined by the applicable plans and policies, and that no additional contributions or benefits will be provided by Defendant by reason of the settlement. Plaintiff takes no position on the issues in this section.

## X.    SETTLEMENT APPROVAL HEARING

A hearing (the "Settlement Approval Hearing") has been scheduled on [INSERT date of Approval Hearing] before the Court, the Honorable Edward M. Chen presiding, in the U.S. District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, at which time the Court will determine: (1) whether the proposed settlement should be approved as fair, reasonable and adequate to members of the Plaintiff Class; (2) whether the application of Class Counsel for an award of attorneys' fees and costs should be approved and in what amount; (3) whether the application for an incentive payment for Plaintiff should be approved and in what amount; and (4) whether a proposed Final Approval Order should be entered. The date of the Settlement Approval Hearing may change without further notice to the Plaintiff Class. The Plaintiff Class should check the settlement website or the Court's PACER site to confirm that the date has not been changed.

**You Are Not Required To Attend The Settlement Approval Hearing.**

You are welcome to attend the Settlement Approval Hearing, at your own expense. You may request permission to speak at the Settlement Approval Hearing from the Court. You may hire your own attorney at your own expense to speak at the Settlement Approval Hearing. The Court may, or may not, grant your request to speak and may limit the time available to speak.

## XI.    RIGHT TO BE EXCLUDED FROM THE SETTLEMENT

You may exclude yourself from the Plaintiff Class. To do so, you must complete and sign the Request for Exclusion Form and return it to the Administrator, postmarked no later than [INSERT Date]. If you request to be excluded from the settlement, you will not receive any cash payment from the settlement, and you will not release any claims.

Any member of the Plaintiff Class who does not provide the Administrator with a timely Request for Exclusion Form shall be bound by all the terms of the settlement, including, without limitation, the releases set forth in the Settlement Agreement and any Final Judgment entered by the Court.

## XII.   RIGHT TO OBJECT TO SETTLEMENT

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

You may object to the proposed settlement in writing. You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney.  All written objections and supporting papers must (a) clearly identify the case name and number (*Poinsignon v. Imperva, Inc*., Case Number 3:17-cv-05653-EMC), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be postmarked or filed on or before [INSERT DATE].

Members of the Plaintiff Class who fail to submit written objections as described above shall be deemed to have waived any objections to the settlement and shall forever be foreclosed from making any objection (whether by appeal or otherwise) to the settlement, or any aspect of the settlement, including, without limitation, the fairness, reasonableness or adequacy of the proposed settlement, or any award of attorneys' fees or reimbursement of costs and expenses.  The Court, in its sole discretion, may permit any member of the Plaintiff Class to address the Court at the Settlement Approval Hearing and may consider any statements made despite a waiver of a Plaintiff Class Member's individual right to object.

## XIII.   SUMMARY OF OPTIONS

As a member of the Plaintiff Class, you have the following options:

   1.   **Remain a Member of the Plaintiff Class.** If you do not exclude yourself from the Plaintiff Class, you will remain a member of the Plaintiff Class, you will be bound by the Settlement Agreement, you will be eligible to receive a cash payment of approximately between $106 and $123, and you will give up the claims that are released by the Settlement Agreement.

   2.   **Object to the Settlement.** You are entitled to submit a timely written objection to the settlement. If the Settlement Agreement is approved after your objection, you will remain a member of the Plaintiff Class and will give up the claims that are released by the Settlement Agreement.

   3.   **Exclude Yourself From the Plaintiff Class.** You are entitled to exclude yourself from the Plaintiff Class by timely submitting a valid, completed, signed Request for Exclusion Form. If you exclude yourself from the Plaintiff Class, you will not receive any cash payment or any other benefits from the settlement. You will retain all of the claims that will be released by members of the Plaintiff Class.

## XIV. REMINDER OF IMPORTANT SETTLEMENT DATES AND DEADLINES.

The following are important dates and deadlines under the proposed settlement:

| | |
|---|---|
| Exclusion Deadline: | [INSERT date 60 days after mailing] |
| Objection Deadline: | [INSERT date 60 days after mailing] |
| Settlement Approval Hearing: | [INSERT date] |

## XV. WHERE TO OBTAIN ADDITIONAL INFORMATION

This Notice contains a summary of the proposed settlement. The complete Settlement Agreement and other information about this Lawsuit can be obtained at www.[ToBeSecuredbyAdmin].com, by contacting class counsel, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. Any Motion for an Award of Attorneys Fees filed by Class Counsel will be available through those methods at least 30 days prior to the last day upon which any written objections can be mailed.  Any questions concerning the matters in this Notice may be directed to the Administrator or Class Counsel.  You may also seek the advice and counsel of your own attorney, at your own expense, if you desire.

**Again, Do Not Call Or Write The Court To Obtain Copies Of Documents Or To Ask Questions About The Settlement.**

*Poinsignon v. Imperva, Inc.*

**REQUEST FOR EXCLUSION FORM**

**SUBMIT THIS FORM IF YOU WISH TO BE EXCLUDED
FROM PARTICIPATING IN THE CLASS ACTION SETTLEMENT**

**THIS DOCUMENT MUST BE POSTMARKED NO LATER THAN _____, 2018.**

By signing and returning this form, I represent that I hereby exclude myself from participating in the settlement of the class action entitled *Julien Poinsignon v. Imperva, Inc.*, (Case No. 3:17-cv-05653-EMC), pending in the U.S. District Court for the Northern District of California. I have received notice of the proposed settlement in this action and have read the Notice of Class Action Settlement. I wish to be excluded from the settlement class, and do not wish to participate in the proposed settlement. I represent that the information set forth below is accurate.

Name: _____

Address: _____

_____

Telephone No.: _____

Social Security No.: _____

Date: _____    Signature: _____

Please mail via first-class mail this Exclusion Form to:

*Poinsignon v. Imperva, Inc.*
*c/o* [ADMINISTRATOR]
Address

**THIS DOCUMENT MUST BE POSTMARKED NO LATER THAN _____ 2018.**