Shaun Setareh (SBN 204514)
    shaun@setarehlaw.com
H. Scott Leviant (SBN 200834)
    scott@setarehlaw.com
**SETAREH LAW GROUP**
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California  90212
Telephone:      (310) 888-7771
Facsimile:      (310) 888-0109

Attorneys for Plaintiff
JULIEN POINSIGNON

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIEN POINSIGNON, on behalf of himself, all others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>IMPERVA, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>*Defendants*. | Case No.: 3:17-cv-05653-EMC<br><br>CLASS ACTION<br><br>**ORDER, AS MODIFIED:**<br>1. **CERTIFYING SETTLEMENT CLASS AND.**<br>2. **FINALLY APPROVING PROPOSED SETTLEMENT;**<br><br>Date:       February 7, 2019<br>Time:       1:30 p.m.<br>Place.:      Courtroom 5<br>Judge:      Hon. Edward M. Chen |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Plaintiff JULIEN POINSIGNON ("Plaintiff") and Defendant IMPERVA, INC. ("Defendant" or "Imperva") have reached terms of settlement for a putative class action.

Plaintiff has filed a motion for final approval of a class action settlement of the claims asserted against Defendant in this action, memorialized in the CLASS ACTION SETTLEMENT AGREEMENT ("Agreement") (*see* Declaration of H. Scott Leviant In Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class ["Leviant Decl."], at Exh. 1) with attached Exhibits, including the proposed form of Notice.

The Agreement between the Parties provides that the Parties stipulate to certification of a Class for settlement purposes only.  The Agreement is conditioned upon, among other things, the Court's approval. Capitalized terms in this Order shall have the same meaning as in the Agreement unless indicated otherwise.  A summary of the terms of the Settlement is as follows:

- The Settlement Class is:  applicants for employment, employees or other agents of Defendant Imperva, Inc. in the United States who were subject to any background, credit, consumer, or investigatory check or report between August 25, 2012 and November 3, 2017.[1]  (Agreement, ¶ 4 and 5.)

- Defendant agrees that $188,000.00, known as the "Maximum Settlement Amount," represents the maximum amount that it will pay out under this Agreement, inclusive of the following: (a) payments to participating Plaintiff Class Members; (b) the maximum gross amount for Class Counsel's attorneys' fees to be paid in accordance with the terms set forth in Paragraph 6(b), which is $62,660; (c) the maximum gross amount for all of Class Counsel's and the Class Representative's litigation costs and associated expenses, which is capped at $10,000; (d) the anticipated gross amount for claims administration costs, which was anticipated to be roughly $10,000 and is actually $13,395.00; and (e) the maximum gross amount for the enhancement payments to be made by Imperva to the Class Representative, in accordance with the terms set

---

[1] "Class," "Settlement Class", or "Plaintiff Class" refer to the defined term "Plaintiff Class" in the Agreement.

forth in Paragraph 10.4, which is a maximum $5,000. (Agreement, ¶ 6.)

- Each Class Member who does not opt out will be paid their share of the settlement. (Agreement, ¶ 8,9, 16.)

- Class Counsel will not seek an amount greater than $62,660 for attorneys' fees.  (Agreement, ¶ 6.)

- Class Counsel will not seek an amount greater than $10,000 for litigation costs (with actual claimed and estimated costs of $2,693.89).  (Agreement, ¶ 6.)

- The Class Representative enhancement award requested will be $5,000.  (Agreement, ¶ 6.)

- If a Class Member has not cashed his or her check within 90 days of issuance, the funds representing the "uncashed checks" shall be transmitted by the Administrator to the cy pres to Legal Aid at Work, a California employment law public interest firm, or to another organization later selected by the parties if the Court declines to approve the cy pres organization selected by the parties.  (Agreement, ¶ 16.)

After reviewing the Agreement, the Notice process, and other related documents, and having heard the argument of Counsel for respective parties, **IT IS HEREBY ORDERED AS FOLLOWS**:

1.      The Court finds that the proposed class satisfies the requirements of a settlement class under Rule 23 of the Federal Rules of Civil Procedure.  The requirements of Rule 23(a) are satisfied because the proposed Class is so numerous that joinder of all Class Members is impracticable, there are questions of law or fact common to the Class, the claims of Plaintiff are typical of the claims of the Class; and Plaintiff will fairly and adequately protect the interests of the Class.  The requirements of Rule 23(b) are satisfied because questions of law or fact common to Class Members predominate over any questions affecting only individual Class Members.

2.      The parties' settlement is granted final approval as it meets the criteria for preliminary settlement approval.  The settlement falls within the range of possible approval as fair, adequate and reasonable, and appears to be the product of arm's-length and informed negotiations and to treat all Class Members fairly.

3.      The following persons are certified as Class Members solely for the purpose of entering a settlement in this matter:

> All applicants for employment, employees or other agents of Defendant Imperva, Inc. in the United States who were subject to any background, credit, consumer, or investigatory check or report between August 25, 2012 and November 3, 2017.

4.      Plaintiff JULIEN POINSIGNON is appointed the Class Representative.  Setareh Law Group, Shaun Setareh and H. Scott Leviant are appointed Class Counsel.

5.      The distribution of the Notice Packet directed to the Settlement Class Members as set forth in the Agreement and the Court's directions has been completed in conformity with the Preliminary Approval Order.  The Notice Packet provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement terms as set forth in the Agreement, to all persons entitled to such Notice.  The Notice fully satisfied the requirements of due process, having been sent to all Settlement Class Members who could be identified through reasonable effort, and was the best notice practicable under the circumstances.

6.      The Court hereby directs payment to the Administrator, Simpluris, Inc., for fees and expenses, the amount of $13,395.00 to be paid pursuant to the Agreement's terms for such distribution.  The Court finds that the Administrator fully discharged its obligations as Administrator under the terms of the Agreement thus far, and the Administrator is directed to complete the administration as set forth in the Agreement.

7.      The Court hereby awards Counsel, Law Offices of Shaun Setareh $62,660 as fees, which is 33.33 percent of the Maximum Settlement Amount.  The Court also awards Counsel, Law Offices of Shaun Setareh, $2,693.89 as reimbursement of reasonable costs incurred in this matter.

8.      The Court hereby awards a Class Representative Enhancement Award of $5,000 to Plaintiff Julien Poinsignon, to be paid in accordance with the terms of the Agreement.  The Court finds that this amount is fair and reasonable in light of Plaintiff's contributions to this litigation, and this amount is unopposed.

9.     The Court hereby directs payment to all Settlement Class Members pursuant to the terms of the Agreement.

10.    Class Members who did not submit a timely and valid written request to be excluded from the Settlement are bound by the terms of the Agreement.

11.    Settlement Class Members who did not timely object to the settlement set forth in the Agreement are barred from prosecuting or pursuing any appeal of the Court's Order Granting Final Approval to the Agreement and are deemed to have released claims to the extent described in the Agreement.

12.    The Court reserves continuing jurisdiction over the parties for the purposes of implementing, enforcing and/or administering the Settlement or enforcing the terms of a Judgment to be entered following entry of this Order.

**IT IS SO ORDERED.**

Dated: February 8, 2019

_____
EDWARD M. CHEN
UNITED STATES DISTRICT JUDGE